[Civ. No. 37352. First Dist., Div. Four. Jan. 21, 1976.]

LOUIS F. HAWKINS et al., Plaintiffs and Appellants, v.
COUNTY OF MARIN et al., Defendants and Respondents;
·PROVINCE OF THE HOLY NAME et al.,
Interveners and Respondents.

## COUNSEL

Carrow, Applen & Forest, Carrow & Forest and Joseph A. Forest for Plaintiffs and Appellants.

Douglas J. Maloney, County Counsel, and Thomas Hendricks, Assistant County Counsel, for Defendants and Respondents.

Nelson, Boyd, MacDonald & Tarrant, Richard T. Tarrant, Heller, Ehrman, White & McAuliffe and Richard L. Goff for Interveners and Appellants.

## OPINION

**EMERSON, J.***—This is an appeal from an order granting summary judgment in favor of defendants and interveners (respondents), which order further provided that plaintiffs' (appellants') complaint for declaratory relief, injunction and petition for writ of mandamus should be dismissed with prejudice.

Appellants are home owners in the Laurel Grove Canyon section of Kentfield, an unincorporated area in Marin County. Within the Canyon is a parcel of property, consisting of some 4.8 acres, known as the "Priory." That property, which is owned by respondent the Province of the Holy Name, contains a large building which formerly served as a seminary for the Dominican Fathers. Since November 1973, the building has been used by respondent Catholic Social Services of Marin as a housing facility for the elderly. The Priory and all surrounding land in the Laurel Grove Canyon has been zoned R-1 by the county. In addition, most of the Priory property has been given a B-2 designation, which restricts building site area to 10,000 square feet and otherwise regulates site dimensions.[1]

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]The following are applicable provisions of the Marin County Code:

"22.22.020. Uses permitted. The following uses are permitted in all R-1 districts:
  (1) One-family dwellings;
  (2) Golf courses, country clubs, tennis courts and similar noncommercial recreational uses;
  (3) Public parks and public playgrounds;

Catholic Social Services of Marin is the sponsor of a plan for constructing 102 units of housing for the elderly on the Priory property. The plan calls for remodeling the existing building on the property to provide some 26 units, along with kitchens and common rooms and constructing new buildings containing an additional 76 units. The project is to be subsidized by the Department of Housing and Urban Development under a federal program for encouraging the construction of low and moderate cost rental housing.

A use permit for the project was originally granted by the county zoning administrator on September 7, 1971.[2] According to respondents, appellants herein then brought a lawsuit which, although apparently not pursued to judgment, resulted in a consensus that the permit was invalid under a county code section setting forth grounds for the issuance of use permits as it was then written. That section was later amended to include housing for low and moderate income persons among the land uses for which a use permit could be granted.[3] The director of Catholic Social Services then applied for a second permit, the validity of which is in issue in the case at bench.

(4) Crop and tree farming and truck gardening;

(5) Nurseries and greenhouses, but not including any salesrooms or other buildings for the sale of any products unless and until a use permit is secured therefor;

(6) Home occupations, provided that there shall be no external evidence of any home occupation except a sign as permitted by Chapter 22.69;

(7) Accessory building and accessory uses;

(8) Schools, libraries, churches, convents, monasteries, retreats, civic or community clubs other than those hereinbefore in this subsection, specified, and day childcare centers for six or more children, subject to the securing of a use permit in each case."

"22.46.010. Regulations for B districts. In any district with which is combined any B district, the following regulations as specified for the respective B district shall apply in lieu of the respective regulations as to building site areas and average widths, depths of front and side yards, which are hereinbefore specified for such a district with which is combined such B district and shall be the minimum requirements in each case. . . . [¶] B-2 districts: Building site area, ten thousand square feet; building site average width, seventy-five feet; front yard depth, twenty-five feet; side yard widths, ten feet. [¶] B-3 districts: Building site area, twenty thousand square feet; building site average width, one hundred feet; front yard depth, thirty feet; side yard widths, fifteen feet."

At least part of the Priory property bears a B-3 designation.

[2] In this opinion, as in the briefs, the terms "use permit" and "conditional use permit" are used interchangeably.

[3] The applicable section of the Marin County Code setting forth grounds for the issuance of use permits currently provides, in pertinent part: "22.88.010. Reasons for issuance. Use permits may be issued for any of the following reasons: [¶] 5. To permit the location of any of the following uses in a district from which they are excluded by the provisions of this title: Housing for low and moderate income persons, library, community center, church, hospital, any institution of an educational, philanthropic, or charitable nature, cemetery, crematory, mausoleum or any other place for the disposal of the human dead."

This second application for a use permit was approved by the county zoning administrator on March 6, 1972. Louis F. Hawkins and other property owners appealed this action first to the county planning commission and then to the board of supervisors. Both appeals were rejected after hearings.

The use permit was actually granted on April 19, 1972. The permit contained various conditions relating to the number of units and residents permitted, design review, landscaping and the like. According to the testimony and declaration of the director of Catholic Social Services, several thousand dollars have been spent for architect's and other fees and for the installation of fire doors in the existing Priory building. However, no building permit for the project has yet been issued, nor does any start of construction appear to have occurred.

On April 16, 1974, nearly two years after the use permit was granted, appellants filed this action against the county. The complaint set forth two main theories of action. First, it was asserted that the Priory project was impermissible under the property's zoning. Second, it was contended that if the project was not thus impermissible, then the county's zoning regulations were inconsistent with its general plan. Relief was sought in the form of an injunction against issuance of a building permit for the project, a declaration that the proposed land use was illegal under applicable zoning regulations and that any use permit issued for it was null and void, and, as an alternative to such declaration, a writ of mandate to compel the county to make its zoning regulations consistent with its general plan. Appellants also applied for a preliminary injunction against issuance of a building permit and petitioned for a peremptory writ of mandate ordering the county immediately to harmonize its zoning and general plan.

Thereafter, a hearing was held on the application for a preliminary injunction and the petition for a peremptory writ. On January 13, 1975, the trial court filed a notice of intended decision denying this relief.[4] On February 7, 1975, respondents moved for summary judgment. From the order granting that motion, this appeal is taken.[5]

---

[1]An order denying the application for a preliminary injunction and the petition for a peremptory writ of mandate was signed by the trial judge on August 12, 1975, and entered *nunc pro tunc* as of January 15, 1975.

[5]The notice of appeal states that the appeal is taken from the order granting summary judgment. However, appellants say in their opening brief that they appeal also from the order denying their application for a preliminary injunction and petition for a peremptory writ of mandate. While such an order is ordinarily separately appealable

Appellants first contend that the use proposed for the Priory is so inconsistent with the property's zoning that it can only be authorized by means of a formal change in that zoning. Therefore, it is asserted, the county's issuance of the conditional use permit amounted to an invalid attempt to rezone the property without complying with the statutory requirements for effecting a zoning change. (See Gov. Code, §§ 65853-65857.)[6] Reliance is placed on cases which hold that an alteration of the land use restrictions applicable to a piece of property may constitute an invalid de facto rezoning. (*City of Sausalito* v. *County of Marin* (1970) 12 Cal.App.3d 550, 563-564, 566-567 [90 Cal.Rptr. 843]; *Millbrae Assn. for Residential Survival* v. *City of Millbrae* (1968) 262 Cal.App.2d 222, 245-246 [69 Cal.Rptr. 251]; see *Johnston* v. *City of Claremont* (1958) 49 Cal.2d 826, 835 [323 P.2d 71].)

■ However, it is a widely accepted rule that the issuance of a conditional use permit does not amount to a zoning change, and hence need not be effected in compliance with rezoning procedures. For example, in *Essick* v. *City of Los Angeles* (1950) 34 Cal.2d 614 [213 P.2d 492], the Supreme Court rejected the contention that the issuance of a conditional use permit authorizing the location of a cemetery in an R-1 zone constituted a zoning change within the meaning of a provision of the Los Angeles City Charter creating procedures for the making of such changes. (*Id.*, at pp. 622-623, 624.) Similarly, in *Case* v. *City of Los Angeles* (1963) 218 Cal.App.2d 36 [32 Cal.Rptr. 271], a permit was validated which allowed the construction of an apartment complex in an R-1 zone. (*Id.*, at p. 40; see also *Concerned Citizens of Palm Desert, Inc.* v. *Board of Supervisors* (1974) 38 Cal.App.3d 257, 266 [113 Cal.Rptr. 328]; *Stoddard* v. *Edelman* (1970) 4 Cal.App.3d 544, 553 [84 Cal.Rptr. 443]; *Wheeler* v. *Gregg* (1949) 90 Cal.App.2d 348, 363 [203 P.2d 37].)[7] While the zoning administrator's decision to grant such a permit must be guided by established criteria (Gov. Code, § 65901), a general welfare

before judgment is rendered (Code Civ. Proc., §§ 904.1, subd. (f), 1110), the order here at issue was a *nunc pro tunc* order made on August 12, 1975, after the notice of appeal had been filed. Hence, that order should be considered as being before this court for review as part of the appeal from the judgment.

[6]Unless otherwise noted all code sections hereafter referred to are of the Government Code.

[7]Appellants assert that the authority of this line of cases has been weakened by *Environmental Law Fund, Inc.* v. *Town of Corte Madera* (1975) 49 Cal.App.3d 105 [122 Cal.Rptr. 282]. There the trial judge held invalid a conditional use permit on the ground that its issuance violated statutory requirements for changes in zoning. (*Id.*, at p. 109.) However, the judgment was also based on the California Environmental Quality Act, and seems to have been affirmed solely on that ground.

standard, such as exists here,[8] is sufficient. (*Mitcheltree* v. *City of Los Angeles* (1971) 17 Cal.App.3d 791, 796 [95 Cal.Rptr. 76]; *Stoddard* v. *Edelman, supra,* 4 Cal.App.3d 544, 548.)

■ In any event, we deem further discussion of this, and related points raised by appellants, to be unnecessary. This attack upon the conditional use permit is barred by the statute of limitations set up by Government Code section 65907.[9]

Seeking to avoid this conclusion, appellants assert that the disputed use permit was issued in violation of county ordinances and state statutes. They claim that a provision of the Marin County Code makes a permit issued under such circumstances "null and void,"[10] and cite cases

---

[8]Section 22.88.020 of the Marin County Code provides in pertinent part: "Procedure for issuance. Such use permits shall be issued under the same procedure as that specified in Chapter 22.88 for the granting of adjustments or variances, except that: [¶] (1) The findings of the zoning administrator, except as otherwise provided in this chapter, need include only that the establishment, maintenance or conducting of the use for which a use permit is sought will not, under the particular case, be detrimental to the health, safety, morals, comfort, convenience or welfare of persons residing or working in the neighborhood of such use and will not, under the circumstances of the particular case, be detrimental to the public welfare or injurious to property or improvements in the neighborhood; . . ." A finding of the required nature was made in this case.

[9]Government Code section 65907 provides, in pertinent part: "Any action or proceeding to *attack, review, set aside,* void or annul any decision of matters listed in Sections 65901 and 65903, or concerning any of the proceedings, acts or determinations taken, done or made prior to such decision, or to determine the reasonableness, legality or validity of any condition attached thereto, shall not be maintained by any person unless such action or proceeding is commenced within 180 days after the date of such decision. Thereafter all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of such decision or of such proceedings, acts or determinations." (Italics added.)

Government Code section 65901 provides: "The board of zoning adjustment or zoning administrator shall hear and decide applications for conditional uses or other permits when the zoning ordinance provides therefor and establishes criteria for determining such matters, and applications for variances from the terms of the zoning ordinance. Said board or said zoning administrator may also exercise such other powers as may be granted by local ordinance, and adopt all rules and procedures necessary or convenient for the conduct of its or his business."

Government Code section 65903 provides: "A board of appeals, if one has been created and established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be. Procedures for such appeals shall be as provided by local ordinance. Such board may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision, or determination as should be made, and such action shall be final."

[10]Section 22.06.010 of the Marin County Code provides that: "Any permit or license, if issued in conflict with the provisions of this title, shall be null and void."

for the proposition that an unauthorized decision of an administrative agency is void and subject to collateral attack. (*Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 839 [192 P.2d 929]; *City and County of San Francisco* v. *Padilla* (1972) 23 Cal.App.3d 388, 400 [100 Cal.Rptr. 223].) While neither of the cited cases considered the effect of a statute of limitations upon such an attack, other cases are referred to which state that a collateral attack on a void judgment can be brought at any time, notwithstanding the existence of a limitations period. (*Estate of Eikerenkotter* (1899) 126 Cal. 54, 55 [58 P. 370]; *Tatum* v. *Southern Pacific Co.* (1967) 250 Cal.App.2d 40, 43 [58 Cal.Rptr. 238, 25 A.L.R.3d 1325]; *City of Los Angeles* v. *Morgan* (1951) 105 Cal.App.2d 726, 732 [234 P.2d 319]; *Garrison* v. *Blanchard* (1932) 127 Cal.App. 616, 620 [16 P.2d 273].)

The cases last cited, however, deal with *judgments* void due to jurisdictional defects apparent on the face of the record or other special defects. The doctrine of these cases should not be extended to those involving the review of conditional use permits allegedly not issued in conformity with statutory requirements. Such an extension would vitiate the unambiguous limitations provision of section 65907. That section provides (see fn. 9, *ante*), that *any* action to attack, review, void or annul a decision to issue a conditional use permit must be brought within the prescribed period. Appellants should not be permitted to evade this requirement by means of technical arguments concerning the effectiveness of the challenged permit. (See *Ferdig* v. *State Personnel Bd.* (1969) 71 Cal.2d 96, 109 [77 Cal.Rptr. 224, 453 P.2d 728].)

■ Appellants point out that the trial court made no mention of the statute of limitations in its notice of intended decision. Nevertheless, even though the trial court may have decided the case on other grounds, this court may invoke the statute on the ground that its applicability is demonstrated by the record. (See *Concerned Citizens of Palm Desert, Inc.* v. *Board of Supervisors, supra,* 38 Cal.App.3d 257, 264-265.)

■ The statute of limitations, however, should not be deemed applicable to that portion of appellants' action which is brought pursuant to Government Code section 65860. The second and third causes of action seek relief pursuant to that section, which requires that zoning ordinances and general plans be consistent as of January 1, 1974, and

authorizes actions by private persons to enforce this requirement.[11] An attempt to enforce this statute could not have been successful when the permit was issued in 1972. Hence, appellants' attempt to do so now should not be held time-barred under section 65907. Moreover, the action to enforce consistency is not actually one to attack the decision to grant the permit or to review the administrative appeals from that decision; section 65907 applies only to such actions. (*People* v. *Gates* (1974) 41 Cal.App.3d 590, 598 [116 Cal.Rptr. 172].)

The thrust of appellants' argument in this connection is that conditional use permits, as well as zoning ordinances, must be consistent with county general plans. It is, therefore, necessary to determine whether section 65860 applies to use permits. The section clearly requires that *zoning ordinances* shall be made consistent with county general plans by January 1, 1974. It contains no mandate that conditional use permits be scrutinized for plan consistency. Granting that the ordinance section authorizing the issuance of conditional use permits (Marin County Code, § 22.88.010) is a part of the county's general zoning ordinance (see *Tustin Heights Assn.* v. *Bd. of Supervisors* (1959) 170 Cal.App.2d 619, 626 [339 P.2d 914]), section 65860 merely requires that that section be made consistent with the county general plan. Since use permits issued pursuant to Marin County Code section 22.88.010 must necessarily conform to its requirements, it follows that if that code section is kept consistent with the general plan, use permits issued thereunder will also be consistent therewith. There is no requirement, however, that such permits themselves be reviewed for consistency with the plan under section 65860.

As noted, section 65860 applies to zoning ordinances. It says nothing about permits issued pursuant to such ordinances. That a conditional use permit is not an ordinance is obviously true. Indeed, *Essick* v. *City of Los*

[11]Government Code section 65860 provides, in pertinent part: "(a) County or city zoning ordinances shall be consistent with the general plan of the county or city by January 1, 1974. A zoning ordinance shall be consistent with a city or county general plan only if: [¶] (i) The city or county has officially adopted such a plan, and [¶] (ii) The various land uses authorized by the ordinance are compatible with the objectives, policies, general land uses and programs specified in such a plan. [¶] (b) Any resident or property owner within a city or a county, as the case may be, may bring an action in the superior court to enforce compliance with the provisions of subdivision (a). Any such action or proceedings shall be governed by Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure. Any action or proceedings taken pursuant to the provisions of this subsection must be taken within six months of January 1, 1974, or within 90 days of the enactment of any new zoning ordinance or the amendment of any existing zoning ordinance as to said amendment or amendments."

*Angeles, supra,* 34 Cal.2d 614, and the related cases cited above establish that the granting of a conditional use permit is not a legislative act of zoning. Moreover, since statutes related in purpose to section 65860 expressly require plan consistency for subdivision maps (Gov. Code, §§ 66473.5, 66474) and, to a degree, for projects requiring a building permit (Gov. Code, § 65567), the failure of section 65860 to create a parallel requirement for conditional use permits is significant. We conclude that, in this case, section 65860 is inapplicable to the use permit issued by the County of Marin.

It having been determined that an attack on the use permit as originally issued is barred by the statute of limitations and that section 65860 is inapplicable to a review of the permit, it follows that the trial judge was correct in granting the motion for summary judgment.

Affirmed.

Caldecott, P. J., and Christian, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 18, 1976.