Opinion
 

 PHELAN, P. J.
 

 Harsch Investment Corporation (Harsch) appeals from a judgment granting the petition of Alice Ching, Bai Sung Ho, Kam O. Lau and Ke Qin Shen (collectively referred to as Ching) for a peremptory writ of mandate vacating a decision of the San Francisco Board of Permit Appeals (the Board). Harsch contends the judgment must be reversed because Ching’s petition was untimely filed under the 90-day limitation period set by Government Code former section 65907. We agree with appellant, and therefore reverse the judgment.
 

 Factual and Procedural Background
 

 Harsch is an owner and developer of commercial property. Since 1963, it has been the owner of a commercially zoned hotel at 417 Stockton Street in San Francisco (the Hotel). In 1990, Harsch commenced formal legal steps to obtain permission to rent all the rooms of the Hotel to tourists. In September 1990, Harsch filed an application with the San Francisco Department of City Planning (the Department) for a conditional use permit to convert residential units in the Hotel to tourist use.
 

 Harsch waited more than two years for the Department to act on its application. In December 1992, Harsch notified the City of San Francisco (the City) of its intent to invoke the California Permit Streamlining Act (Gov. Code, § 65950 et seq.).
 
 [1]
 
 On August 17,1993, the Department’s zoning administrator determined that a conditional use permit should not be issued on the grounds Harsch had not given adequate notice to the public. Harsch filed a timely appeal to the Board challenging the zoning administrator’s decision.
 

 On December 1, 1993, the Board conducted a public evidentiary hearing on Harsch’s appeal. At the conclusion of the hearing, the Board voted unanimously to overturn the zoning administrator’s decision on the grounds Harsch had given the required public notice and was entitled to a conditional use permit under the Permit Streamlining Act. The zoning administrator requested a rehearing.
 

 On March 23, 1994, the Board issued its final decision overruling the zoning administrator’s determination, and directing that Harsch’s conditional
 
 *891
 
 use permit application “be deemed approved as submitted.” The Board’s written findings noted that Harsch and its attorneys “were zealous in affording the City every opportunity to issue the permit, and waited a considerable amount of time beyond the time limit set forth in the Permit Streamlining Act.” The zoning administrator withdrew its request for rehearing after the Board issued its findings in favor of Harsch.
 

 After waiting the statutory 90-day appeal period following the Board’s final decision, Harsch entered into a 3-year lease agreement for the operation of the Hotel as a tourist hotel and commenced efforts to improve the Hotel for tourist use. Harsch ultimately spent approximately $298,000 to refurbish the Hotel.
 

 On February 23,1996, one year and eleven months after the Board’s final decision granting Harsch’s application for a conditional use permit, Ching filed a petition for writ of mandamus under Code of Civil Procedure section 1085 to vacate the Board’s decision. Ching alleged that Board Commissioner Wayne Alba, one of the four members of the Board who participated in the Board’s deliberations and votes on Harsch’s permit application, had a conflict of interest in violation of the Political Reform Act (§87100 et seq.) because he owned real property in the vicinity of the Hotel. Harsch demurred to Ching’s petition, arguing it was barred by former section 65907, subdivision (a), the applicable statute of limitations, because the petition was not filed within 90 days of the Board’s decision as required by that statute.
 

 Following a hearing, the trial court overruled Harsch’s demurrer and granted Ching’s petition under Code of Civil Procedure section 1085 to vacate the Board’s final decision. The trial court found: “[Section] 65907 is inapplicable to issues of conflict of interest such as that alleged by Petitioners and the statute of limitations is three years under [Code of Civil Procedure section] 338[, subdivision] (a). Petitioners’ writ is therefore timely and not barred by the statute of limitations.” This timely appeal followed.
 

 Discussion
 

 Harsch argues that the trial court’s judgment in favor of Ching must be reversed because Ching’s petition was untimely filed under the 90-day limitations period of former section 65907, which is controlling in this case. Harsch is correct.
 

 At all times relevant and applicable here, former section 65907, subdivision (a) established a 90-day limitations period for “any action or proceeding
 
 *892
 
 to attack, review, set aside, void, or annul any decision of matters listed in Sections 65901 and 65903.” (Stats. 1983, ch. 1138, §2, p. 4314.)
 
 [2]
 
 Section 65903 provides for appeals of local zoning decisions on conditional use permit applications.
 
 [3]
 
 The Board’s reversal of the zoning administrator’s decision rejecting Harsch’s permit application is therefore governed by the 90-day limitation period set out in former section 65907, subdivision (a).
 

 In response, Ching asserts that former section 65907 is inapplicable to an action filed under the Political Reform Act, section 81000 et seq., for which the applicable statute of limitations is the four-year limitation set by section 91011, subdivision (b). Ching makes this argument for the first time on appeal. Throughout the litigation below, Ching argued that this action was governed by the general three-year limitation for actions alleging statutory violations, as set out in Code of Civil Procedure section 338, subdivision (a). It was on the basis of the three-year statute that the trial court overruled Harsch’s demurrer, granted Ching’s mandamus petition, and ordered the Board to vacate its decision granting Harsch’s conditional use permit. In fact, neither the four-year statute of section 91011 nor the three-year statute of Code of Civil Procedure section 338, subdivision (a) applies to Ching’s petition.
 

 The Legislature’s intent in former section 65907 is unmistakable. First, the statute states that
 
 “any
 
 action or proceeding to attack, review, set aside,
 
 *893
 
 void, or annul any decision of matters listed in . . . [section] 65903," such as the Board decision in this case, “shall not be maintained by any person unless the action or proceeding is commenced within 90 days and the legislative body is served within 120 days after the date of the decision.” (Stats. 1983, ch 1138, § 2, p. 4314, italics added.) The statute then reiterates and reinforces the time bar by stating: “Thereafter,
 
 all persons are barred from any such action or proceeding
 
 or any defense of invalidity or unreasonableness of that decision or of these proceedings, acts, or determinations.”
 
 (Ibid.,
 
 italics added.) The clear legislative intent of this statute is to establish a short limitations period in order to give governmental zoning decisions certainty, permitting them to take effect quickly and giving property owners the necessary confidence to proceed with approved projects. Indeed, in 1983 the Legislature chose to
 
 shorten
 
 the limitation period of former section 65907 from 180 days to 90 days. (Stats. 1983, ch. 1138, § 2, p. 4314.) This change was made to ensure that the validity of local public agency decisions would be judicially determined as expeditiously as possible, consistent with the requirements of due process. Such expedition is necessary, because any delay in the resolution of local land-use disputes is ultimately reflected in increased costs to the public.
 
 (Presenting Jamul
 
 v.
 
 Board of Supervisors
 
 (1991) 231 Cal.App.3d 665, 670-671 [282 Cal.Rptr. 564].)
 
 [4]
 

 In deference to this clear legislative intent, the courts have consistently enforced the 90-day limitation period in cases such as this. Thus, in
 
 Hawkins
 
 v.
 
 County of Marin
 
 (1976) 54 Cal.App.3d 586 [126 Cal.Rptr. 754], the court held that former section 65907 barred a tardy challenge to the grant of a conditional use permit. Like Ching in this case, the plaintiffs in
 
 Hawkins
 
 contended the county’s grant of the use permit violated state statutes, and was therefore “ ‘null and void’ ” and subject to collateral attack. (54 Cal.App.3d at pp. 592-593.) The Court of Appeal rejected this argument, holding that the doctrine permitting collateral attacks against void judgments “should not be extended to those involving the review of conditional use permits allegedly not issued in conformity with statutory requirements. Such an extension would vitiate the unambiguous limitations provision of section 65907. That section provides . . . that
 
 any
 
 action to attack, review, void or annul a decision to issue a conditional use permit must be brought within the
 
 *894
 
 prescribed period. Appellants should not be permitted to evade this requirement by means of technical arguments concerning the effectiveness of the challenged permit. [Citation.]”
 
 (Id.
 
 at p. 593.)
 

 Numerous other appellate cases have agreed with the reasoning in
 
 Hawkins.
 
 In
 
 Beresford Neighborhood Assn.
 
 v.
 
 City of San Mateo
 
 (1989) 207 Cal.App.3d 1180 [255 Cal.Rptr. 434], the Court of Appeal held that former section 65907 barred untimely challenges to a local government agency’s approvals of applications for variances and conditional use permits, and upheld the trial court’s dismissal of such a challenge on demurrer. (207 Cal.App.3d at p. 1186.) Similarly, in
 
 Concerned Citizens of Palm Desert, Inc.
 
 v.
 
 Board of Supervisors
 
 (1974) 38 Cal.App.3d 257 [113 Cal.Rptr. 328], the Court of Appeal found an attack on the grant of a conditional use permit, filed three months after the former section 65907 limitation period had expired, was time barred as a matter of law. (38 Cal.App.3d at pp. 264-265; see also
 
 Kings County Farm Bureau
 
 v.
 
 City of Hanford
 
 (1990) 221 Cal.App.3d 692, 741 [270 Cal.Rptr. 650] [“the controlling statute of limitations in this action is set forth in . . . section 65907 which requires commencement of suit within 90 days
 
 after the date of the decision to approve the permit”
 
 (original italics)].)
 

 Ching argues the 90-day period set by former section 65907 may be ignored on the ground the Board’s decision was in violation of the Political Reform Act and therefore void. The courts have already rejected this argument. In
 
 California Standardbred Sires Stakes Com., Inc.
 
 v.
 
 California Horse Racing Bd.
 
 (1991) 231 Cal.App.3d 751 [282 Cal.Rptr. 656]
 
 (California Standardbred Sires),
 
 the petitioner filed a mandamus petition under the Political Reform Act, seeking to void a decision by the California Horse Racing Board on the grounds that certain voting members of the board had a conflict of interest and should have been disqualified. The petition was filed 49 days after the board had rendered its licensing decision. The board demurred on the ground the action was barred by the 30-day limitation of Business and Professions Code section 19463.
 
 [5]
 
 Reversing the trial court’s judgment ordering the board to hold a new hearing, the Court of Appeal held that the 30-day limitations period “contains no exceptions,” and the statute’s “unqualified language makes obvious the Legislature’s intention to limit the time to seek review to a 30-day period.”
 
 (California Standardbred Sires, supra,
 
 at p. 757.)
 

 Like the Business and Professions Code limitation statute at issue in
 
 California Standardbred Sires,
 
 former section 65907 “contains no exceptions,” and uses “unqualified language” manifesting a plain intent on the part
 
 *895
 
 of the Legislature “to limit the time to seek review” of an agency decision. There is no exception for actions filed under the Political Reform Act. It is a basic rule of statutory construction that specific statutes control general ones. (Code Civ. Proc., § 1859;
 
 In re Williamson
 
 (1954) 43 Cal.2d 651, 653-654 [276 P.2d 593].) Like the court in
 
 California Standardbred Sires
 
 we conclude that an action or proceeding under the Political Reform Act challenging a local permit appeal board decision must comply with the specific limitations provisions of former section 65907.
 

 For the first time on appeal, Ching nevertheless urges that the four-year limitation period in section 91011 governs this mandamus action rather than the specific ninety-day limitation of former section 65907.
 
 [6]
 
 The contention is without merit.
 

 Subdivision (a) of section 91011 applies only to the time for filing a civil liability action alleging a violation of campaign reporting, contribution, gift or expenditure requirements. It is clearly inapplicable to Ching’s action, which does not allege any of those grounds for civil liability. Subdivision (b) was added by the Legislature in 1980 and is not part of the rest of the initiative legislation creating the Political Reform Act. (Stats. 1980, ch. 742, § 1, p. 2218.) Thus, contrary to Ching’s assertion on appeal, section 91011, subdivision (b) does not automatically control over the 90-day limitation period set by former section 65907 as a matter of the state constitutional law applicable to initiative statutes. On its face, section 91011, subdivision (b) expressly applies only to civil actions, not special
 
 proceedings
 
 under Code of Civil Procedure section 1085 such as those on Ching’s mandamus petition. The distinction between civil actions and special proceedings is well established in California statutory and decisional law. (Code Civ. Proc., §§ 21, 22, 23, 1063;
 
 In re Bittaker
 
 (1997) 55 Cal.App.4th 1004, 1009-1010 [64 Cal.Rptr.2d 679];
 
 Matter of Application of O’Connor
 
 (1915) 29 Cal.App. 225, 233 [155 P. 115]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 17, p. 72.) Ching’s mandamus petition does not allege
 
 any
 
 grounds for civil liability at all; it is clearly a special proceeding, and not a civil action. Thus, the limitations period in section 91011, subdivision (b) is inapplicable to this proceeding.
 
 [7]
 

 The legislative history of the 1980 amendment that added subdivision (b) confirms that in enacting subdivision (b) as an amendment to section
 
 *896
 
 91011, the Legislature’s intention was to clarify when the limitations periods for different types of civil liability actions under the Political Reform Act were to begin, and not to change the existing law. Nothing in the initiative statute
 
 prior
 
 to the amendment stated any limitations period on special proceedings such as mandamus petitions. Because the Legislature made no change to the law by amending section 91011, the general limitations period stated in subdivision (b) as amended does not extend the four-year period to special proceedings, but simply
 
 continues
 
 to apply it only to “civil actions.” Hence, as the trial court correctly assumed, the limitations provision generally applicable to special proceedings under the Political Reform Act remains the three-year period stated in Code of Civil Procedure section 338, subdivision (a). In this case, however, the specific 90-day limitations period set by former section 65907 controls over the 3-year statute of limitations in cases challenging decisions of a local board of permit appeals. (Code Civ. Proc., § 1859;
 
 In re Williamson, supra,
 
 43 Cal.2d at
 
 pp.
 
 653-654.)
 

 Even if for the sake of argument we were to assume that section 91011, subdivision (b) does create a general four-year limitation period for special proceedings under the Political Reform Act, it would still be preempted by the specific limitations period established by former section 65907. As seen, the argument that no limitations period shorter than four years may apply to actions under the Political Reform Act has already been rejected by the courts.
 
 (California Standardbred Sires, supra,
 
 231 Cal.App.3d at p. 755 [mandamus proceeding alleging conflict of interest in violation of Political Reform Act barred by 30-day limitation period under Bus. & Prof. Code, § 19463].) The Legislature intended the limitation period stated in former section 65907 to permit no exception.
 
 (Kings County Farm Bureau
 
 v.
 
 City of Hanford, supra,
 
 221 Cal.App.3d at p. 741;
 
 Beresford Neighborhood Assn.
 
 v.
 
 City of San Mateo, supra,
 
 207 Cal.App.3d at p. 1186 ;
 
 Hawkins
 
 v.
 
 County of Marin, supra,
 
 54 Cal.App.3d at p. 592;
 
 Concerned Citizens of Palm Desert, Inc.
 
 v.
 
 Board of Supervisors, supra,
 
 38 Cal.App.3d at pp. 264-265.) The 90-day period established by former section 65907 thus preempts any longer period set under the Political Reform Act.
 
 [8]
 

 We conclude the petition for writ of mandamus was barred by section 65907, the applicable statute of limitations in this proceeding, because the
 
 *897
 
 petition was untimely filed more than 90 days after the decision of the Board it seeks to challenge. The trial court therefore erred in overruling the demurrer to the writ petition.
 

 Disposition
 

 The judgment is reversed.
 

 Corrigan, J., and Walker, J., concurred.
 

 A petition for a rehearing was denied February 5,1998, and the petition of plaintiffs and respondents for review by the Supreme Court was denied April 15,1998. Kennard, J., was of the opinion that the petition should be granted.
 

 [1]
 

 Unless otherwise indicated, all further statutory references are to the Government Code.
 

 [2]
 

 Section 65907 was repealed in 1996. (Stats. 1996, ch. 799, § 6.) In the same legislation, the Legislature added similar provisions to section 65009. (Stats. 1996, ch. 799, § 2.) Former section 65907 is the controlling provision in this matter, since Ching’s petition for writ of mandamus challenging the March 23, 1994, decision of the Board was filed on February 23, 1996.
 

 Former section 65907, subdivision (a) provided: “Except as otherwise provided by ordinance, any action or proceeding to attack, review, set aside, void, or annul any decision of matters listed in Sections 65901 and 65903, or concerning any of the proceedings, acts, or determinations taken, done, or made prior to such decision, or to determine the reasonableness, legality, or validity of any condition attached thereto, shall not be maintained by any person unless the action or proceeding is commenced within 90 days and the legislative body is served within 120 days after the date of the decision. Thereafter, all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of that decision or of these proceedings, acts, or determinations. All actions brought pursuant to this section shall be given preference over all other civil matters before the court, except probate, eminent domain, and forcible entry and unlawful detainer proceedings.” (Added by Stats. 1965, ch. 1341, § 5, p. 3228 and repealed by Stats. 1996, ch. 799, § 6, as amended by Stats. 1983, ch. 1138, §2, p. 4314.)
 

 [3]
 

 Section 65903 states: “A board of appeals, if one has been created and established by local ordinance, shall hear and determine appeals from the decisions of the board of zoning adjustment or the zoning administrator, as the case may be. Procedures for such appeals shall be as provided by local ordinance. Such board may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision, or determination as should be made, and such action shall be final.”
 

 [4]
 

 This is made explicit by the statement of legislative intent in section 65009, the successor provision to former section 65907, which states: “The Legislature . . . finds and declares that a legal action challenging a decision of a city, county, or city and county has a chilling effect on the confidence with which property owners and local governments can proceed with projects. Legal actions filed to attack, review, set aside, void, or annul a decision of a city, county, or city and county pursuant to this division can prevent the completion of needed developments even though the projects have received required governmental approvals. [H . . . The purpose of this section is to provide certainty for property owners and local governments regarding decisions made pursuant to this division.” (§ 65009, subd. (a)(2), (3).)
 

 [5]
 

 Business and Professions Code section 19463 provides in pertinent part: “No action may be commenced in a court to attack, review, set aside, void, or annul any final action of the board unless it is commenced within 30 days of the board’s action.”
 

 [6]
 

 Section 91011 provides as follows: “(a) No civil action alleging a violation in connection with a report or statement required by Chapter 4 (commencing with Section 84100) of this title shall be filed more than four years after an audit could begin as set forth in subdivision (b) of Section 90002. [SQ (b) No civil action alleging a violation of any provisions of this title, other than those described in subdivision (a), shall be filed more than four years after the date the violation occurred."
 

 [7]
 

 Unlike section 91011, subdivision (b), which applies only to a “civil action” (italics added) alleging a violation of the Political Reform Act, former section 65907, subdivision (a)
 
 *896
 
 establishes a limitations period expressly applicable to “any action or
 
 proceeding
 
 to attack, review, set aside, void or annul any decision of matters” within its purview. (Stats. 1983, ch. 1138, § 2, p. 4314, italics added.)
 

 [8]
 

 Ching argues that section 91011 preempts former section 65907 on the basis of the language in the latter statute stating its 90-day limitations period applies “[e]xcept as otherwise provided by ordinance.” The contention is meritless. The Political Reform Act is a statute, not an ordinance. In modem usage, the latter term applies to a purely local enactment or regulation as distinct from a state statute.
 
 (Fisher
 
 v.
 
 City of Berkeley
 
 (1984) 37 Cal.3d 644, 697-698 [209 Cal.Rptr. 682,693 P.2d 261], affd.
 
 Fisher
 
 v.
 
 Berkeley
 
 (1986) 475 U.S. 260 [106 S.Ct. 1045, 89 L.Ed.2d 206]; Black’s Law Diet. (6th ed. 1990) p. 1097, col 1.)