Filed 10/25/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SONOMA LUXURY RESORT LLC,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, NORTH COAST REGION,<br><br>     Defendant and Respondent. | A165227<br><br>(Sonoma County Super. Ct. No. SCV-268564) |
| SONOMA LUXURY RESORT LLC,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>STATE WATER RESOURCES CONTROL BOARD,<br><br>     Defendant and Respondent. | A165256<br><br>(Sonoma County Super. Ct. No. SCV-268563) |

The principal question we address in these consolidated appeals is whether a plaintiff challenging an agency's adjudicative decision may avoid the otherwise-applicable statute of limitations if the plaintiff contends that the agency acted without subject matter jurisdiction. We conclude that where, as here, the Legislature has clearly expressed its intent to prohibit all judicial review of the decision except in accordance with the terms of the statute, the answer is no, at least in the absence

of any showing that the Legislature's prohibition on additional judicial review is unlawful.

The Regional Water Quality Control Board, North Coast Region (Regional Board) issued a civil liability complaint against Sonoma Luxury Resort, LLC (SLR) and, after a hearing, imposed more than six million dollars in penalties for SLR's pollution of protected waterways during its construction of a residential resort in Healdsburg. SLR asked the State Water Resources Control Board (State Board) to exercise its discretion to review the Regional Board's decision, but the State Board declined.

SLR then filed separate petitions for administrative mandamus against the Regional and State Boards, but missed the filing deadline by three weeks. On that ground, the trial court in each case sustained the respective Board's demurrer without leave to amend; the State Board's demurrer was also sustained on the ground that the State Board's declination to review the Regional Board's decision is not subject to judicial review. SLR appealed from the two resulting judgments, and on our own motion, we consolidated the appeals for argument and disposition.

Although it neglects altogether the additional ground on which the trial court sustained the State Board's demurrer, SLR tries to avoid the statute of limitations in both cases by arguing that, where an agency acts in the absence of subject matter jurisdiction, its action may be challenged at any time, and here the Regional Board "divested itself" of subject matter jurisdiction by conducting the administrative hearing by videoconference over SLR's objection. Although the remote hearing was authorized by Executive Order N-63-20 (Executive Order), issued

2

by the Governor during the COVID-19 emergency, SLR challenges the lawfulness of the Executive Order under various facial and as-applied theories. In summary, SLR argues that: (1) the Executive Order violated the separation of powers (an argument rejected in *Newsom v. Superior Court* (2021) 63 Cal.App.5th 1099 and *LaCour v. Marshalls of California, LLC* (2023) 94 Cal.App.5th 1172, 1185–1189 with respect to similar executive orders); (2) the Regional Board unlawfully extended it to a "non-emergency hearing" (overlooking that the emergency was the COVID-19 pandemic, not the individual proceedings to which the Executive Order applied); (3) the hearing was a "quasi-criminal" proceeding because it was "akin to a criminal enforcement action" and the Regional Board imposed an "excessive and punitive fine," and therefore the application of the Executive Order denied SLR the Due Process and Sixth Amendment rights to which it was entitled as a criminal defendant; (4) for the same reasons, the Regional Board "committed a prejudicial abuse of discretion" by applying the Executive Order rather than the Judicial Council's Emergency Rule 3; and (5) the Executive Order did not apply by its own terms because "there is no evidence" that the Regional Board satisfied the requirements of the Americans with Disabilities Act and the Unruh Civil Rights Act.

We would find these arguments meritless if it were necessary to reach them. But we need not resolve the appeals on that basis because SLR's underlying premise is flawed. Water Code section 13330[1] not only imposes a 30-day deadline for challenging a regional board's decision (§ 13330, subd. (b)), but expressly prohibits *any* judicial review

---

[1] All further undesignated statutory references are to the Water Code.

3

of the decision except in accordance with the provisions of that section (*id.*, subds. (d), (f)). Accordingly, we conclude that SLR's petitions were untimely regardless of the basis for them.

## BACKGROUND

In 2016, SLR began construction of a project consisting of a luxury resort, residential homes, open space, and related infrastructure in the hills in the northern portion of Healdsburg in Sonoma County. SLR was permitted to proceed with the project as long as it conformed to certain permit, policy, and plan requirements designed to protect "beneficial uses" of the Russian River watershed, in which the project is located. (§ 100.) Beneficial uses of the impacted water include municipal, domestic, agricultural, and industrial water supplies, groundwater recharge, hydropower generation, fishing and recreational activities, and habitat for wildlife, including rare, threatened, or endangered species.

Beginning in October 2018, Regional Board staff visited the project site and documented numerous violations of permit, policy, and plan requirements. The violations included SLR's failure to implement pollution control measures and the actual discharge of pollutants into protected waters on multiple days between October 2018 and May 2019. The Regional Board issued a complaint proposing a penalty of $6,425,680 for 38 violations.

The Regional Board notified SLR that it would hold a two-day videoconference hearing on the complaint. SLR objected to the remote format of the hearing, contending that it violated the Administrative Procedures Act, and that the Executive Order was an unconstitutional exercise of the Governor's powers under the California Emergency

4

Services Act, Government Code section 8550 et seq., insofar as it allowed for remote administrative proceedings over a party's objection. The Regional Board overruled the objection and, following the hearing, issued its order assessing the full penalty amount against SLR.[2]

On January 11, 2021, SLR requested that the State Board review the order, but the State Board took no action on the request. SLR filed its petitions for writ of administrative mandamus against each Board on June 3, 2021. As noted, the trial courts sustained the Boards' demurrers without leave to amend on the ground that the petitions were untimely, and in the State Board's case, on the additional ground that the State Board's declination to review a regional board's decision is not subject to judicial review.

## STANDARD OF REVIEW

We review an order sustaining a demurrer de novo, applying our independent judgment to assess whether the complaint states a cause of action. (*Minton v. Dignity Health* (2019) 39 Cal.App.5th 1155, 1161.) We assume the truth of all properly pleaded facts, as well as all facts that may be implied or reasonably inferred from those expressly alleged, but we do not assume the truth of contentions, deductions, or conclusions of fact or law. (*Ibid.*) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to . . . overcome all legal grounds on which the trial court sustained the demurrer." (*Scott v. JPMorgan Chase Bank,*

---

[2] We have granted the Boards' requests for judicial notice of the transcript of the Regional Board hearing and the Regional Board's rulings on SLR's prehearing objections.

*N.A.* (2013) 214 Cal.App.4th 743, 752 (*Scott*).)  We review for abuse of discretion the trial court's denial of leave to amend.  (*Minton*, at pp. 1161–1162.)

## DISCUSSION

### 1. *SLR Fails to Address the Trial Court's Ruling that the State Board's Declination to Review the Regional Board's Order Is Not Subject to Judicial Review*

In the next section, we analyze the timeliness of SLR's petitions. But first, SLR has disregarded its burden on appeal by failing to address the trial court's additional basis for sustaining the State Board's demurrer.  As the State Board pointed out, in *Johnson v. State Water Resources Control Bd.* (2004) 123 Cal.App.4th 1107, 1112–1114, the court found that the trial court properly sustained the State Board's demurrer on the ground that its declination to review a regional board's imposition of a penalty is not subject to judicial review.  Similarly, in *City of Rancho Cucamonga v. Regional Water Quality Control Bd.* (2006) 135 Cal.App.4th 1377, 1383, the court held that the State Board's declination to review the regional board's decision did not make it a proper party and upheld the order sustaining its demurrer for that reason.

SLR's opening brief did not address this ground for the trial court's ruling, and in response to the State Board's briefing of the issue, its reply brief misstated the argument as follows:  "Next, the State Board claims incorrectly that neither it nor the Court of Appeal can review the Regional Board's decision imposing administrative penalties on SLR because SLR has waived or abandoned these arguments."  The State Board did not argue that it could not review the Regional Board's decision, and SLR's reply brief did not respond to the State Board's

6

actual argument or address the authorities the State Board cited in support of its position. Because SLR has not even attempted to satisfy its burden on appeal to "overcome all legal grounds on which the trial court sustained the demurrer" (*Scott, supra*, 214 Cal.App.4th at p. 752), the judgment in favor of the State Board must be affirmed on that basis. Moreover, we caution SLR that the foregoing considerations could warrant a conclusion that its appeal of that judgment was frivolous. (See *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 191 [appeal is frivolous when it " 'indisputably has no merit' "].)[3]

## 2. *SLR's Petitions Were Untimely*

Under section 13330, subdivision (b), SLR was required to file any challenge to the Regional Board's order in the trial court no later than 30 days from the date its request for State Board review was dismissed by operation of law. (§ 13330, subd. (b); Cal. Code Regs., tit. 23, § 2050.5, subd. (e).) SLR requested review by the State Board on January 11, 2021. The State Board then had 90 days to act on SLR's request, and because it did not act, the request was deemed dismissed on the 91st day, or April 12, 2021. (Cal. Code Regs., tit. 23, § 2050.5, subd. (e).) Any petition was therefore due on May 12, 2021.

---

[3] Putting aside the impropriety of suit against the State Board, SLR's decision to file separate lawsuits against the Regional and State Boards needlessly caused two different trial judges to spend time evaluating identical arguments regarding the same dispute. SLR then separately appealed both judgments to this court notwithstanding its inability to contest the trial court's holding that suit against the State Board was improper. We see no reasonable justification for these litigation decisions, which wasted judicial resources both here and in the trial court.

7

By filing its petitions for administrative mandamus on June 3, 2021, SLR missed this deadline by just over three weeks.

SLR does not challenge these calculations, but argues that the statute of limitations is irrelevant because the Regional Board "divested itself" of subject matter jurisdiction by unlawfully conducting the hearing remotely over SLR's objection, and a collateral attack on the Regional Board's fundamental jurisdiction may be brought "at any time." SLR's position thus rests on three contentions: (1) the law applicable to the hearing prohibited the Regional Board from conducting it remotely if SLR objected; (2) the Regional Board's violation of that law caused the Board to lose subject matter jurisdiction; and (3) the statute of limitations does not apply to SLR's challenge to the Regional Board's order because the Regional Board acted without subject matter jurisdiction. We find it unnecessary to address the first and second contentions because, after considering the supplemental briefs we invited the parties to submit, we conclude that SLR's challenge fails at the third step regardless.

The 30-day limitations period in subdivision (b) of section 13330 is not the only constraint on judicial review in the statute. In addition, subdivision (d) states: "If no aggrieved party petitions for writ of mandate within the time provided by this section, a decision or order of the state board or a regional board *shall not be subject to review by any court*." (Italics added.) Subdivision (f) reinforces the Legislature's intent that the procedures in section 13330—including the 30-day timeline—be strictly adhered to: "Except as provided in this section, *no legal or equitable process shall issue in any proceeding in any court*

8

against the state board [or] a regional board . . . *to review*, prevent, or enjoin *any adjudicative proceeding* under this division." (Italics added.)

SLR invokes *Buckley v. California Coastal Com.* (1998) 68 Cal.App.4th 178, in which the court rejected the California Coastal Commission's argument that the property owners' declaratory relief action was barred because they had failed to file a writ petition within 60 days as required by Public Resources Code section 30801. The Commission had exercised its discretion to exempt the entire property from its jurisdiction and then subsequently attempted to impose permit requirements on the development of a portion of the property. (*Id.* at pp. 186, 188–190.) The court concluded that the Commission did not have the statutory authority to impose conditions on a portion of the property it had already exempted from its reach. (*Id.* at pp. 187–191.) The court held that, under these circumstances, the property owners were not required to exhaust their administrative remedies to challenge the permit requirements imposed by the Commission, and the 60-day limitations period therefore did not apply. (*Id.* at p. 191.)

*Buckley* is distinguishable. The limitations provision at issue in that case—Public Resources Code section 30801, which has not changed in substance since the case was decided—lacks any express language prohibiting courts from reviewing agency action other than by timely petition for writ of mandate, and indeed, review by writ pursuant to section 30801 is not an exclusive remedy. (See, e.g., Pub. Resources Code §§ 30800, 30803, 30805.) By contrast, where the Legislature has clearly expressed its intent to prohibit judicial review except as specified in the statute, as it did here in subdivisions (d) and (f) of section 13330, courts have found that the relevant statute of

9

limitations applies to *all* challenges to the agency's action, including challenges asserting that the agency acted in the absence of subject matter jurisdiction.

For example, in *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757 (*Travis*), our Supreme Court noted that Government Code section 65009, subdivision (e), "provides that after expiration of the limitations period, 'all persons are barred from *any* further action or proceeding,' " and on that basis it concluded that a plaintiff "may not avoid the short 90-day limit of section 65009 by claiming that the permit or condition is 'void' and thus subject to challenge at any time." (*Id.* at pp. 767–768 [citing *Ching v. San Francisco Board of Permit Appeals* (1998) 60 Cal.App.4th 888, 891–894]; accord, *Hawkins v. County of Marin* (1976) 54 Cal.App.3d 586, 592–593 (*Hawkins*).) Here, as in *Travis*, *Ching*, and *Hawkins*, section 13330's timing provisions " 'contain[] no exceptions,' and use[] 'unqualified language' manifesting a plain intent on the part of the Legislature 'to limit the time to seek review' of [the] agency decision." (*Ching*, at pp. 894–895.) The language of section 13330, subdivisions (d) and (f) makes clear that the Legislature intended to prohibit any other judicial review of a regional board's decision.

SLR argues that the prohibitions on judicial review in section 13330, subdivisions (d) and (f) "assume the applicability of subdivision (b) to a given matter," and that "where there is a want of subject matter jurisdiction, a statute of limitation like subsection (b) has no application since there is no decision or order by the Regional Board." The plaintiff in *Travis* made a similar argument, contending that because the claimed preemption of the local ordinance rendered it

10

null and void, " 'there *is no applicable limitations period* because there is essentially *no ordinance.*' " (*Travis, supra*, 33 Cal.4th at p. 775.)  The Supreme Court rejected that argument as unsupported by authority or logic, and held that the statute of limitations applied "despite the further contention that preemption rendered the ordinance void." (*Id.* at pp. 775–776.)  We likewise reject SLR's argument here.  There was a decision by the Regional Board, SLR was aggrieved by it, and nothing prevented it from seeking review of the Board's decision as provided in section 13330.  To allow it to seek judicial review outside of the limitations period in section 13330, subdivision (b) would violate the plain language of subdivisions (d) and (f).

SLR also cites several cases holding that a void court judgment may be challenged at any time, generally by a suit in equity to vacate the judgment.  (See, e.g., *In re Eikerenkotter's Estate* (1899) 126 Cal. 54, 55; *Tatum v. Southern Pacific Co.* (1967) 250 Cal.App.2d 40, 43; *City of Los Angeles v. Morgan* (1951) 105 Cal.App.2d 726, 730–732; *Michel v. Williams* (1936) 13 Cal.App.2d 198, 199–200; *Garrison v. Blanchard* (1932) 127 Cal. App. 616, 620.)  However, as with *Buckley*, those cases are distinguishable because they do not involve an unambiguous statutory limitations provision barring judicial review of agency action on any basis, whether in law or equity, once the limitations period has expired.  As the *Hawkins* court concluded, the doctrine that a collateral attack on a void judgment can be brought at any time should not be extended to an agency decision when it would "vitiate the unambiguous limitations provision" the Legislature enacted.  (*Hawkins, supra*, 54 Cal.App.3d at p. 593.)  Where there is no clear legislative statement, a court might weigh the policy supporting finality against the policy

11

limiting administrative agencies to acts within their jurisdiction. (See, e.g., *City and County of San Francisco v. Padilla* (1972) 23 Cal.App.3d 388, 400.) But we read *Travis*, *Ching*, and *Hawkins* to mean that, if the Legislature has spoken clearly on the subject, we may not disregard what it has said, at least in the absence of a reason to conclude that the limitation it has imposed is unlawful. SLR has identified no such reason here.

Accordingly, SLR's petitions in the trial court came too late and are barred.

### 3. *Leave to Amend Was Properly Denied*

Because no amendment could make SLR's petitions timely, nor render the State Board's declination to review the Regional Board's decision susceptible to judicial review, the trial courts did not abuse their discretion in denying SLR leave to amend its petitions. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## DISPOSITION

The judgments are affirmed. The Regional Board and the State Board are entitled to recover their respective costs on appeal.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

12

| | |
|---|---|
| Trial Court: | The Superior Court of Sonoma County |
| Trial Judge: | Honorable Jennifer V. Dollard |
| Counsel for Plaintiff and Appellant: | EDLIN GALLAGHER HUIE + BLUM, Michael E. Gallagher, Jr., Fred M. Blum, Christopher J. Dow |
| Counsel for Defendants and Respondents: | Rob Bonta<br>Attorney General of California<br>Robert W. Byrne<br>Senior Assistant Attorney General<br>Myung J. Park<br>Supervising Deputy Attorney General<br>Matthew G. Bullock<br>Deputy Attorney General<br>Lindsay N. Walter<br>Deputy Attorney General |