[Civ. No. 24204.   First Dist., Div. Four.   Apr. 12, 1967.]

CLINTON TATUM, Plaintiff and Respondent, v. SOUTH-ERN PACIFIC COMPANY, Defendant and Appellant.

Griffith & Thornburgh and Peter J. Samuelson for Defendant and Appellant.

Nordman, Cormany, Hair & Compton and William H. Hair for Plaintiff and Respondent.

DEVINE, P. J.—On January 11, 1965, Southern Pacific Company as defendant was awarded judgment after five days of trial on the issue of liability in a personal injury case, the trial having been bifurcated. Motion for new trial was made by plaintiff on the grounds of error in law and insufficiency of the evidence.

On February 4, 1965, before the hearing of the motion, it

came to the attention of the trial judge, Honorable Edward Henderson, that he held 400 shares of Southern Pacific Company stock, as trustee under the will of Franklin B. West. The judge, immediately responsive to duty, informed counsel. He filed a declaration in which he states that he was appointed trustee on August 2, 1949. Among the beneficiaries are his two children and two nieces. Shortly after distribution he had deemed it advisable to cause a diversification of the assets and he had purchased, as trustee, stock of 19 different issues under the advice of investment counsel. These stocks have at all times since their purchase been in a safety deposit box. On or about February 4, 1965, it became necessary for the judge to make a distribution. On checking the stocks, he discovered approximately 400 shares of Southern Pacific Company. Before that time he had failed to recall the inclusion of these shares among the trust assets. He is not a beneficiary of the trust.

Judge Henderson ordered the motion for new trial transferred to the presiding judge. Motion to vacate the judgment was also made. The court, after hearing argument on respondent's contentions of insufficiency of the evidence and error in law, as well as disqualification of the judge, granted an order vacating the judgment and for a new trial on the sole ground of disqualification of the judge. Southern Pacific has appealed.

Code of Civil Procedure section 170 provides in relevant part: ''No justice or judge shall sit or act as such in any action or proceeding: . . . 2. In which he is interested as a holder or owner of any capital stock of a corporation, or of any bond, note or other security issued by a corporation.'' The first question is whether the judge's interest as trustee is sufficient to disqualify him. Section 170 refers to a *holder* or owner. The word ''holder'' would be superfluous if it did not signify one who has title to stock in a capacity other than that of owner. Besides, a trustee has a pecuniary interest in the stock. His fee may depend on the value of the stock. It is possible that because of his relationship to the beneficiaries the judge might waive a fee, but he might not, and his present legal interest is not to be determined by possible waiver. He would have another pecuniary interest, that of responsibility for making prudent investments. (Civ. Code, §§ 2261, subd. (1), 2262.) The cases cited by appellant, in which it was held that a judge is not disqualified by the fact that his wife is a stockholder in a corporation which is a party to a trial (*Favor-*

*ite* v. *Superior Court*, 181 Cal. 261 [184 P. 15, 8 A.L.R. 290]),
or in which the judge owned stock in a holding company
which owned substantially all of the shares of a corporate
litigant (*Central Pacific Ry. Co.* v. *Superior Court*, 211 Cal.
706 [296 P. 883]). are distinguishable: section 170 does not
mention these as disqualifying factors, but it does disqualify
a *holder* of stock.

Of course, in the particular case at hand, the trustee's
interest could hardly be affected substantially by the outcome
of the case. An award to plaintiff of the full amount of the
prayer of the complaint doubtless would not cause a change in
the value of Southern Pacific stock so as to affect the trustee's
fee or liability for prudent investment. But the statute is cast
in absolute form. ▮ It is plain that the object of the
peremptory statute is not only to guard jealously the actual
impartiality of the judge but also to insure public confidence.
(See *Lindsay-Strathmore Irrigation Dist.* v. *Superior Court*,
182 Cal. 315, 330 [187 P. 1056].)

The second question is whether it can be considered that the
judge did not recall during the trial his holding of the stock.
Our answer is, no. Section 170 makes no reference to the
judge's awareness of the holding. Here, again, it is manifest
that the statute is designed to preserve the unblemished aspect
as well as the reality of fairness of the judge.

Appellant proposes to us the case of a bequest or inherit-
ance which a judge might receive quite unknown to him
before or during a trial, ownership having vested in the judge
at the moment of death of a testator or intestate, and appel-
lant suggests that it would be unreasonable to hold the judge
disqualified in such a case. Although we shall not decide so
singular a hypothetical case, we observe that if we suppose
that a ruling of disqualification would be made therein, it
would be preferable to the result of our allowing the tinge of
interest to color the judicial process. To allow inquiry by one
judge into the awareness and in some cases, perhaps, the
degree thereof on the part of a colleague of holdings which
are stated to be disqualifying, would be to introduce a deli-
cate, distasteful and sometimes unseemly process. In cases
where a judge is charged with actual bias and denies it, deci-
sion by another judge cannot be avoided, as is recognized by
section 170. But holding of stock is a simple factual matter
for which the statute makes unqualified provision.

Appellant argues that by the terms of Code of Civil
Procedure section 170, subdivision 5, it is the duty of the

judge to declare disqualifying facts *whenever he has knowledge of such facts*, and that, therefore, the disqualification commences at the time of his acquisition of the knowledge. This argument is without merit because: (1) The statute spells out elsewhere the facts which are disqualifying, but in subdivision 5 gives the procedural requirements in respect of disqualification; (2) the argument ignores the rule that where the judge's disqualification was unknown, it is not the establishing of disqualification but the fact of disqualification which controls. (*Giometti* v. *Etienne*, 219 Cal. 687, 689 [28 P.2d 913]; *Oak Grove School Dist.* v. *City Title Ins. Co.*, 217 Cal.App.2d 678, 703-704 [32 Cal.Rptr. 288].)

Appellant also advances the proposition that there was no error in the trial itself and that under article VI, section 4½ of the Constitution (now section 13), it should be held that there was no prejudice. But it is no answer to say that the judgment was correct because the statute does not say that the judge is disqualified to decide erroneously but that he shall not decide at all. (*Cadenasso* v. *Bank of Italy*, 214 Cal. 562, 568 [6 P.2d 944]; *Estate of White*, 37 Cal. 190.)

Appellant points out that if the judge is disqualified, the judgment is void and may be attacked by suit in equity for an indefinite period, and that it is unreasonable to apply the rule of disqualification to a case wherein the judge was not aware during the trial of his holding of stock, for his discovery might occur years later. It is true that the statute of limitations does not apply to a suit in equity to vacate a void judgment. (*Cadenasso* v. *Bank of Italy, supra*, p. 569; *Estate of Pusey*, 180 Cal. 368, 374 [181 P. 648].) But this rule holds as to all void judgments. Besides, this is another argument based on a mere possibility, the discovery and the motion to vacate having been made promptly in this case. It is of no value against the clear terms of the statute. The trial judge acted conscientiously in compliance with the statute, and the hearing judge resolved the matter in accordance with the law.

Order vacating judgment and granting motion for new trial affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied May 12, 1967, and appellant's petition for a hearing by the Supreme Court was denied June 7, 1967.