[Crim. No. 16351. In Bank. Dec. 20, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL THOMAS, Defendant and Appellant.

## Counsel

Clifford Douglas, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James, Assistant Attorney General, William R. Pounders, Geoffrey S. Cantrell and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BURKE, J.**—A court, sitting without a jury, found Michael Thomas guilty of violating Vehicle Code section 10851 (taking vehicle without owner's consent with intent permanently or temporarily to deprive owner of its possession) and sentenced him to prison.[1] He appeals, contending that the trial judge was disqualified, that the evidence is insufficient to support the conviction, and that the failure of his counsel, the public defender, to object to certain evidence deprived him of the effective assistance of counsel. We have concluded that none of the contentions can be upheld and that the judgment should be affirmed.

---

[1] The court acquitted him on other counts charging grand theft (Pen. Code, § 487, subd. 3), and receiving stolen property (Pen. Code, § 496).

Defendant contends that Judge William Ritzi, who tried the case, was disqualified because Judge Ritzi was an assistant district attorney for Los Angeles County within two years before the commencement of the action.[2] Defendant relies upon the provision in Code of Civil Procedure section 170, subdivision 4, disqualifying a judge who has been employed "as attorney or counsel for any party" within two years before the commencement of the action.[3]

■ Section 170 should be liberally construed with a view to effect its objects and to promote justice. (Code Civ. Proc., § 4.) The object of section 170 "is not only to guard jealously the actual impartiality of the judge but also to insure public confidence." (See *Tatum* v. *Southern Pacific Co.,* 250 Cal.App.2d 40, 42 [58 Cal.Rptr. 238, 25 A.L.R.3d 1325].)

The mere fact that Judge Ritzi was an assistant district attorney in Los Angeles County within two years before the commencement of this action would neither impair his impartiality nor undermine public confidence. ■ The crime was not even committed until over a year after his elevation to the bench. It is thus apparent that he would not have obtained any personal knowledge of the crime while employed as an assistant district attorney, and it would be unreasonable to assume that his prior representation in Los Angeles County of such an artificial and generalized party as the "People" would result in a conscious or unconscious bias on his part for two years in all criminal cases in that county.[4] We are therefore satisfied

---

[2]Pursuant to Evidence Code sections 452, subdivision (h), and 459, we may take judicial notice that for several years immediately before his elevation to the bench in August 1969 Judge Ritzi was an assistant district attorney for Los Angeles County. (See Cal. Courts and Judges Handbook by Kenneth Arnold (1969 Supp.) p. 235.) The Court of Appeal advised the parties of its intent to take judicial notice of the foregoing (see Evid. Code, § 459), and no objection was made thereto.

The information was filed in the instant case in the Los Angeles County Superior Court in January 1971. The complaint is not part of the record on appeal but evidently was filed shortly after December 25, 1970, the date of the alleged crime.

[3]Code of Civil Procedure section 170 provides: "No . . . judge shall sit . . . in any action . . . 4. When, in the action or proceeding, or in any previous action or proceeding involving any of the same issues, he has been attorney or counsel for any party; or when he has given advice to any party upon any matter involved in the action or proceeding; or *when he has been retained or employed as attorney or counsel for any party within two years prior to the commencement of the action or proceeding.* . . ." (Italics added.) The italicized clause was added to the section in 1927. (Stats. 1927, ch. 744, p. 1403, § 1.) Section 170 applies to criminal, as well as civil, proceedings. (See, e.g., *Tatum* v. *Southern Pacific Co.,* 250 Cal.App.2d 40 [58 Cal.Rptr. 238, 25 A.L.R.3d 1325]; *People* v. *Pratt,* 205 Cal.App.2d 838, 841 [23 Cal.Rptr. 469]; see generally Witkin, Cal. Criminal Procedure (1963) p. 258, and 1 Witkin, Cal. Procedure (2d ed. 1970) pp. 337-357.)

[4]A public defender who is elevated to the bench would have represented individual defendants only and thus manifestly would not be disqualified under the provision in question from sitting for two years in all criminal cases in the county in which he had been a public defender.

that Judge Ritzi's former employment did not make him "attorney or counsel for any party" within the meaning of the provision in question.

In support of the claim that Judge Ritzi was disqualified defendant cites *People* v. *Crappa*, 73 Cal.App. 260, 261 [238 P. 731]. There the judge who revoked the defendant's probation and sentenced him to prison had been the district attorney at the time the information was filed and as such had appeared for the People at the arraignment and at the hearing of defendant's application for probation, and it was held that the judge was disqualified under the provision in section 170 disqualifying a judge who in the action has been attorney for either party. That case manifestly differs substantially on its facts from the present one.

Since Judge Ritzi was not disqualified on the basis relied upon by defendant, it is unnecessary to consider whether defendant waived the asserted disqualification by failing to file a statement in the trial court objecting to the judge or to raise the matter in any manner in the trial court.

Defendant's remaining two contentions concerning the alleged insufficiency of the evidence to support the conviction and the asserted lack of the effective assistance of counsel have been examined and are wholly without merit.

The judgment is affirmed.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.