**Randy Dean KEEL, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. 2883.**

Supreme Court of Alaska.

July 14, 1976.

Bruce Abramson, Asst. Public Defender, Anchorage, for petitioner.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for respondent.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

RABINOWITZ, Justice.

On December 30, 1975, petitioner Randy Keel was indicted for the offense of burglary. Pursuant to AS 22.20.022 Keel filed a preemptory challenge to the superior court judge originally assigned the case, and the matter was reassigned to Judge J. Justin Ripley. Thereafter, Keel moved to disqualify Judge Ripley for cause, citing AS 22.20.020(a)(5). The motion to disqualify for cause was heard by Judge Eben Lewis, who issued an order denying the motion. Keel then petitioned this court to review Judge Lewis' order. We then issued an order granting Keel's petition for review and affirming the order of Judge Lewis.

Keel's motion to disqualify for cause was based upon AS 22.20.020, which reads in part:

*Disqualification of judicial officer for cause.*

(a) A judicial officer may not act as such in a court of which he is a member in an action in which . . .

. . . . . .

(5) either party has retained him as their attorney or has been professionally counseled by him in any matter within two years preceding the filing of the action.

Judge Ripley was appointed to the Superior Court effective September 1, 1975. Prior to that appointment he had been employed by the State as an Assistant District Attorney. It is Keel's position that the State is one of the parties to this action and, further, that the State had retained Judge Ripley as its attorney and had been professionally counseled by him within the two-year period preceding the filing of this action. Therefore, Keel concludes Judge Ripley is disqualified in this case by the terms of AS 22.20.020(a)(5).

█ The purposes of AS 22.20.020(a)(5) are to ensure the actual impartiality of a judge and to eliminate any possible appearance or suspicion of bias, thereby preserving the integrity of the judicial process and the confidence of the public.[1] Historically, this state has long had a statutory provision which disqualified a judge in any litigation in which he had actually participated as counsel for one of the parties.[2] The rationale for such a provision, common among the states, was well stated in an early New York case.

However upright the judge, and however free from the slightest inclination but to do justice, there is peril of his unconscious bias or prejudice, or that any former opinion formed ex parte may still linger to affect unconsciously his present judgment, or that he may be moved or swayed unconsciously by his knowledge of the facts which may not be revealed or stated at the trial, or cannot under the rules of evidence. No effort of the will can shut out memory. There is no art of forgetting. We cannot be certain that the human mind will deliberate and determine unaffected by that which it knows, but which it should forget in that process.[3]

AS 22.20.020(a)(5) continues to serve that purpose. However, by expanding that statutory provision in 1967 Alaska's legislature evidenced concern about a somewhat distinct problem: namely, that *any* professional relationship between a judge and one of the parties, formed or nurtured in any manner during the months preceding the judge's elevation to the bench, might create a risk of partiality or the appearance of partiality. The concern was that personal loyalties fostered during professional counseling might generate conscious or unconscious partiality, or at least its appearance. The solution adopted by our legislature was to disqualify a judge in any action to which a former client was a party. If that action was initiated within two years of the existence of a professional relationship if the relationship was severed more than two years prior to the commencement of the lawsuit, the legislature apparently felt it was unnecessary to disqualify the judge because this passage

---

1. *Cf. People v. Thomas*, 8 Cal.3d 518, 105 Cal. Rptr. 366, 367, 503 P.2d 1374, 1375 (1972); *see* Annot., Prior Representation or Activity as Attorney or Counsel as Disqualifying Judge, 72 A.L.R.2d 443, 449 (1960).

2. The predecessor to AS 22.20.020(a)(5) was § 54–2–1 ACLA 1949, which provided in part:

    *Judicial officer defined:*

    *Disqualification.* A judicial officer is a person authorized to act as a judge in a

court of justice. Such officer shall not act as such in a court of which he is a member in any of the following cases:

. . . . .

    Fourth. When he has been attorney in the action or proceeding in question for either party; . . .

This section was amended in 1967, by § 1 Ch. 48 SLA 1967.

3. *People v. Haas*, 105 App.Div. 119, 93 N.Y.S. 790, 792–93 (App.Div.1905).

of time would be sufficient to dissipate any lingering loyalties.

In the case at bar the offense charged occurred on December 24, 1975, and the indictment was returned December 30, several months after Judge Ripley's appointment to the superior court on September 1, 1975. Thus, there is no possibility that he might have learned of the facts of the alleged burglary in the instant case while serving in his prosecutorial role. The question before this court is whether the legislature intended, in enacting AS 22.20.-020(a)(5), to disqualify a judge because of his prior employment by the state government from all cases in which the State appears as a party during the prohibited period of time. We think the legislature did not envision such a result.

In the circumstances of a superior court judge who had been employed as an Assistant District Attorney, the risk of personal loyalties to former clients, engendered by virtue of the special pecuniary nature of the attorney-client relationship, is greatly diminished. It is unrealistic to assume that representation of such an "artificial and generalized party" as "the State" might foster those kinds of personal bonds that could develop between private counsel and the individuals or groups he had occasion to serve.[4]

Further, in our view, the fact that a judge formerly served the public in a prosecutorial function is not, by itself, sufficient cause to disqualify him from criminal prosecutions initiated by the State subsequent to his appointment to the bench.[5] Were there any appreciable risk of partiality or the appearance thereof, it would be equally necessary to disqualify judges who had formerly served at public expense in a defense capacity with the office of the Public Defender. Since there is no suggestion that the terms of AS 22.20.020(a)(5) operate to disqualify former Public Defenders, the legislature apparently shares our view in this matter.[6]

Finally, a reading of AS 22.20.020(a)(5) that disqualified Judge Ripley in this particular matter would necessitate his disqualification in any litigation in which the State of Alaska was a party. This would remove him from a wide range of proceedings both criminal and civil, possibly including eminent domain proceedings, children's matters, administrative appeals and civil suits against the government sounding in tort and contract. Such a sweeping disability would occasion a significant loss of judicial manpower at a time when the volume of litigation in Alaska is significantly increasing. We will not presume the legislature intended such a result absent more explicit indications.

The superior court's denial of petitioner's motion to disqualify is affirmed.

---

4. *People v. Thomas*, 8 Cal.3d 518, 105 Cal. Rptr. 366, 367, 503 P.2d 1374, 1375 (1972). We note that the California judicial disqualification statute construed in *Thomas* is comparable to AS 22.20.020(a)(5) in all significant respects. The California Supreme Court, in *Thomas*, rejected arguments which parallel those advanced by petitioner in the case at bar.

5. A judge, of course, would be disqualified from any case in which he actually participated as a District Attorney by counseling or otherwise.

6. *People v. Thomas*, 8 Cal.3d 518, 105 Cal. Rptr. 366, 365 n. 4, 503 P.2d 1374, 1375 n. 4 (1972).