[Crim. No. 5550. Fifth Dist. May 25, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ANTHONY BRIDGES, Defendant and Appellant.

COUNSEL

Michael J. Ward for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom, Harley D. Mayfield and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—On February 19, 1981, appellant pled guilty before Judge Francis W. Halley to conspiracy to sell cocaine (count I, Pen. Code, § 182), sale of cocaine (counts II through IV, Health & Saf. Code, § 11352), transportation of cocaine (count V, Health & Saf. Code, § 11352) and possession for sale of marijuana (count VI, Health & Saf. Code, § 11359). Appellant's codefendant in counts I through IV was one Christopher James Solario. On March 17, 1981, Judge Frank S. Pierson sentenced appellant to prison for concurrent four-year middle base terms on counts II, III, IV and V, plus concurrent two-year terms as to counts I and VI. Execution of the terms on counts I and V was stayed.

---

*Before Franson, Acting P. J., Zenovich, J., and Conklin, J.†

†Assigned by the Chairperson of the Judicial Council.

On or about May 1, 1981, appellant's present counsel filed a notice of motion to recall sentence and/or in the alternative for writ of habeas corpus, with an accompanying declaration by appellant's former counsel and supporting exhibits and points and authorities.

The gist of the declaration was that sometime after the March 17, 1981, sentencing hearing appellant's former counsel learned that Judge Pierson had disqualified himself in the case at an earlier stage of the proceedings, that Judge Pierson had not disclosed the prior disqualification to counsel at sentencing or any other time, and that, had counsel been aware of the disqualification, he would have objected on March 17 to Judge Pierson's sentencing appellant.

Attached to the motion was what purported to be a copy of the minutes of February 11, 1981, pertaining to a "further hearing on motion to suppress evidence and motion for disclosure" filed on behalf of codefendant Solario. The minutes reflect that Solario was present with counsel, but that appellant and his counsel were not. Judge Pierson heard the motions, which he granted in part and denied in part.. The minutes state "The Court disqualifies itself in this case as the Court has formed an opinion as to the Defendant's guilt in this case."

Appellant's motion to recall sentence was based on the theory that as of February 11, 1981, Judge Pierson was disqualified under Code of Civil Procedure section 170, subdivision (5), from any further participation in action No. 172166, as to either defendant. Alternatively, the defense argued that Judge Pierson had a duty to make the Solario disqualification known to appellant and his counsel, so that they could make an informed decision as to whether to invoke the peremptory disqualification provisions of Code of Civil Procedure section 170.6.

Appellant's motion was heard by Judge Norman S. Reid on May 15, 1981. Judge Pierson testified that, having heard Solario's motions, "I did not feel that I should hear the issue with regard to his guilt. I therefore stated to counsel and the defendant that I was disqualifying myself from hearing his case." However, he felt no bias or prejudice against appellant and did not carry over any of his opinions as to Solario when he sentenced appellant.

In essence, Judge Pierson stated that he had no prejudice whatever as to appellant. Further, his prejudice as to codefendant Solario "was with

respect to the guilt phase. I didn't have any prejudice with regard to what disposition should be made in the event that he was found guilty." Judge Pierson acknowledged that when appellant was sentenced he did not disclose the prior disqualification to appellant or his former counsel.

Appellant's former counsel then testified in a manner substantially similar to his declaration. The motion was argued and denied. Appellant now renews his contention Judge Pierson was disqualified as to the entire case. Respondent counters the contention is "unsupported by the record, logic or authority." To the contrary, it is supported by all three.

At all times pertinent hereto, Code of Civil Procedure section 170 provided, in relevant part: "No justice or judge shall sit or act as such in any action or proceeding:

". . . . . . . . . . . . . . . .

"5. When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him.

"Whenever a judge or justice shall have knowledge of any fact or facts, which, under the provisions of this section, disqualify him to sit or act as such in any action or proceeding pending before him, it shall be his duty to declare the same in open court and cause a memorandum thereof to be entered in the minutes or docket. It shall thereupon be the duty of the clerk, or the judge if there be no clerk, to transmit forthwith a copy of such memorandum to each party, or his attorney, who shall have appeared in such action or proceeding, except such party or parties as shall be present in person or by attorney when the declaration shall be made.

". . . . . . . . . . . . . . .

"If such judge admits his disqualification . . ., the action or proceeding shall be heard and determined by another judge or justice not disqualified, who shall be agreed upon by the parties, or, in the event of their failing to agree, assigned by the Chairman of the Judicial Council; provided, however, that when there are two or more judges of the same court, one of whom is disqualified, the action or proceeding may be transferred to a judge who is not disqualified.

". . . . . . . . . . . . . ."

■ Code of Civil Procedure section 170 makes clear that when its provisions apply "[n]o ... judge shall sit or act as such *in any action or proceeding*" and "*the action or proceeding* shall be heard and determined by another judge ... not disqualified." (Italics added.) The literal terms of the statute do not envisage a disqualification limited to one phase of the proceeding or to a particular party. Once disqualified, the judge remains disqualified. (See *Noorthoek* v. *Superior Court* (1969) 269 Cal.App.2d 600, 606 [75 Cal.Rptr. 61], held judge disqualified under Code Civ. Proc., § 170 could not order the examination of judgment debtor.)

Logic supports this result. A contrary result in the codefendant context would leave the effect of a pretrial disqualification undetermined and undeterminable at the time of the disqualification. Whether the judge could sit or act in further phases of the proceeding would depend on uncertain future variables. These variables would include whether further pretrial proceedings occurred in which the defendants were jointly involved and whether one or both defendants elected to exercise their rights to trial. The result we reach ensures certainty and predictability and thus aids judicial administration.

In sum, when on February 11, 1981, Judge Pierson disqualified himself "in this case," he was disqualified from sitting or acting further in action No. 172166, including sentencing appellant. The judgment was in excess of jurisdiction and is void. (See *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 190 [137 Cal.Rptr. 460, 561 P.2d 1148].) The trial court erred in denying the motion to recall sentence, which was, in essence, a motion to vacate the judgment.[1] (See *Tatum* v. *Southern Pacific Co.* (1967) 250 Cal.App.2d 40, 43 [58 Cal.Rptr. 238, 25 A.L.R.3d 1325].)

---

[1]The record contains no evidence that Judge Pierson *in fact* was biased or prejudiced as to appellant. Clearly, Judge Pierson's failure to mention the prior disqualification at appellant's sentencing was either inadvertent or based on a good-faith belief that it had no significance as to appellant. Judge Pierson took the initiative to disqualify himself and, as required by section 170, subdivision (5), caused the minutes to reflect his declaration of disqualification. Had the clerk likewise complied by transmitting the minutes to appellant or his counsel, as required by statute, it is likely that the instant appeal would not have arisen.

The judgment in Stanislaus County Superior Court action No. 172166 is reversed with directions to the trial court to vacate the judgment and to conduct resentencing of appellant by a judge other than Judge Frank S. Pierson. In all other respects, the judgment is affirmed.

A petition for a rehearing was denied June 21, 1982.