NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| MICHAEL JOSEPH JOHNSON, | Court of Appeals No. A-12245 |
| Appellant, | Trial Court Nos. 3AN-06-01018 CR, 3AN-06-01459 CR, 3AN-12-09692 CR, |
| v. | 3AN-14-09140 CR, & 3AN-14-09843 CR |
| MUNICIPALITY OF ANCHORAGE, | O P I N I O N |
| Appellee. | No. 2680 — October 2, 2020 |

Appeal from the District Court, Third Judicial District, Anchorage, Jo-Ann Chung, Judge.

Appearances: Matthew A. Michalski, Attorney at Law, Anchorage, for the Appellant. Sarah E. Stanley, Assistant Municipal Prosecutor, and William D. Falsey, Municipal Attorney, Anchorage, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge WOLLENBERG.

The present appeal requires us to address whether a judge is disqualified from participating in a case if, before the judge's appointment to the bench, the judge appeared as a lawyer at a hearing in an earlier stage of the same case. As we explain in this opinion, we conclude that Alaska's judicial disqualification statute precludes a judge from participating in a case under these circumstances and that, when this issue is

brought to the judge's attention, the judge is required to recuse herself unless the parties otherwise waive the judge's disqualification.[1]

For this reason, we partially reverse the judgment of the district court.

*Underlying facts*

In 2014, Michael Joseph Johnson was charged with several offenses under the Anchorage Municipal Code: assault, family violence (arising from his assault on his girlfriend in the presence of a child), and driving while his license was suspended or revoked.[2] Johnson represented himself at a jury trial on these charges. This trial was held before District Court Judge Jo-Ann Chung. The jury found Johnson guilty as charged.

In a separate 2014 case, Johnson pleaded no contest to thirty-seven counts of unlawful contact with the same complaining witness.

Based on Johnson's convictions in these two 2014 cases, Johnson's probation was revoked in three prior municipal assault cases — one case from 2012 and two cases from 2006.

At a combined sentencing hearing, Judge Chung sentenced Johnson to a composite term of 4 years and 11 months' imprisonment.

---

[1] Because this case involves a situation in which the judge's prior involvement as an attorney in the matter was brought to her attention, we express no opinion on the scope of a judge's duty to ascertain their prior involvement *sua sponte*, particularly when the judge was not the attorney of record in the case.

[2] Anchorage Municipal Code (AMC) 08.10.010(B)(1), AMC 08.10.050(B), and AMC 09.28.019(B)(1), respectively. The Municipality also charged Johnson with criminal mischief under AMC 08.20.010(A)(1), but the Municipality later dismissed that charge.

*Johnson's arguments that the judge should have recused herself from his cases*

Prior to his jury trial, Johnson asserted that Judge Chung should recuse herself from presiding over all of his cases. Johnson argued that the judge was disqualified for two reasons: (1) prior to her appointment to the bench in 2011, and during the Municipality of Anchorage's prosecution of Johnson's 2006 cases, the judge was the supervising prosecutor in the Municipality's domestic violence unit, and (2) the judge represented the Municipality at a hearing in the 2006 cases when the assigned municipal prosecutor was not present.

In response to these contentions, Judge Chung acknowledged that she had been the supervisor of the Municipality's domestic violence unit in 2006, but she declared that she harbored no bias against Johnson — that, indeed, she had no memory of Johnson or his 2006 cases. The judge further concluded that, even if she did represent the Municipality at a single hearing in 2006, this alone did not provide a basis for her disqualification.

But the judge invited Johnson to file any paperwork documenting her prior involvement in his cases. If it turned out that she did "substantive" work in one of the 2006 cases, the judge said that she would reconsider her decision.

Johnson eventually presented Judge Chung with documents from his 2006 cases. After reviewing the log notes, the judge discovered a hearing in 2006 in which she represented the Municipality on a motion to dismiss under Alaska Criminal Rule 45. The judge nonetheless stood by her decision not to recuse herself, finding that the "Rule 45 arguments were not substantive" and that she did not remember anything about the cases. (The judge recognized that Johnson had a right to appear before the original

sentencing judges for disposition on the petitions to revoke probation, but noted that the original sentencing judges were retired and no longer available.[3])

On appeal, Johnson asserts that Judge Chung should have recused herself from all five of his cases (*i.e.*, Johnson's two current criminal cases and his three probation revocation proceedings). Johnson contends that he is entitled to a new trial in the 2014 assault and family violence case, and to resentencing in his other cases.

Our analysis of these issues requires us to draw a distinction between Johnson's three most recent cases (the two criminal cases from 2014 and the probation revocation in his 2012 assault case) and Johnson's two oldest cases (the probation revocations in Johnson's two assault cases from 2006). As we explain in this opinion, we conclude that, while Judge Chung was not disqualified from participating in Johnson's three most recent cases, she was disqualified from participating in the probation revocation proceedings in Johnson's 2006 cases.

*A preliminary issue: did Johnson waive his right to appellate review of his disqualification motion by failing to request an independent review, under AS 22.20.020(c), of the denial of that motion?*

We must first address a preliminary issue raised by the Municipality: whether Johnson forfeited his right to appellate review of his disqualification motion by failing to pursue, under AS 22.20.020(c), an independent review of Judge Chung's ruling by another trial court judge.

Alaska Statute 22.20.020(c) provides that "[i]f a judicial officer denies disqualification[,] the question shall be heard and determined by another judge assigned

---

[3]    *See Trenton v. State*, 789 P.2d 178, 178-79 (Alaska App. 1990) (holding that the judge who imposed the defendant's original sentence should ordinarily be assigned to preside over any future probation revocation proceedings, unless there is a good cause to assign a different judge).

for the purpose by the presiding judge of the next higher level of courts[.]"  In this case, Judge Chung denied Johnson's motion for disqualification on the record.  But no further review occurred.  That is, no other judge reviewed Judge Chung's decision.

Relying on the Alaska Supreme Court's 1978 decision in *Coffey v. State*,[4] the Municipality argues that Johnson waived his right to appeal the denial of his disqualification motion to this Court because he failed to avail himself of the procedure set out in AS 22.20.020(c).  But *Coffey* stands for a much more limited proposition, one narrowly tailored to the asserted deficiency — that by failing to request an independent review under AS 22.20.020(c), a defendant waives the right to challenge on appeal the failure to hold this independent review.

In *Coffey*, the defendant raised two claims related to the denial of his motion to disqualify the trial judge:  (1) he argued that the judge improperly denied his motion to disqualify, and (2) he argued that the judge erred in failing to refer his motion to disqualify for review by another judge under AS 22.20.020(c).[5]

As to the second issue, the supreme court ruled that Coffey waived any challenge to the trial court's failure to refer his disqualification motion for an immediate review under AS 22.20.020(c) because he had not requested such a review.  According to the supreme court, "it was incumbent on Coffey to request the chief justice, as presiding judge of the next higher court, to appoint another judge to determine the question," and his failure to do so waived the issue for appellate review.[6]

But as to the first issue — the challenge to the denial of Coffey's motion

---

[4]    *Coffey v. State*, 585 P.2d 514 (Alaska 1978).

[5]    *Id*. at 525.

[6]    *Id*.

to disqualify — the court addressed this issue on the merits.[7] That is, notwithstanding Coffey's failure to pursue immediate review under AS 22.20.020(c) as a procedural matter, the supreme court still afforded full appellate review to the underlying merits of Coffey's disqualification motion.

This view is consistent with appellate procedure. If a judge is appointed under AS 22.20.020(c) to review a trial judge's decision denying disqualification, the decision of this reviewing judge is not an appellate decision; rather, it is another trial court decision.[8] It therefore follows that the absence of this review does not preclude an appellate court from later reviewing the merits of the assigned judge's initial denial of the motion for disqualification. This is particularly true when — as here — there was no discussion of AS 22.20.020(c) in the trial court and no indication that Johnson, a *pro se* defendant, was aware of AS 22.20.020(c) and affirmatively declined to pursue further review.[9]

We acknowledge that in two later decisions — *Kingery v. Barrett* and *Kurka v. Kurka* — the supreme court appears to have construed its earlier decision in *Coffey* in the same manner now advanced by the Municipality.[10] But the Municipality does not cite to either case — instead relying solely on *Coffey* — and we are not convinced that we should rely on *Kurka* or *Kingery* over *Coffey* itself.

---

[7]    *Id.*

[8]    *See Beshaw v. State*, 2017 WL 5998765, at *7 (Alaska App. Nov. 29, 2017) (unpublished) (Mannheimer, J., concurring).

[9]    *See Kurka v. Kurka*, 2007 WL 1723468, at *6 (Alaska June 13, 2007) (unpublished) ("As a pro se litigant, Walter arguably should have been informed that he needed to request review by another judge in order to preserve the issue.").

[10]    *Kingery v. Barrett*, 249 P.3d 275, 286 n.44 (Alaska 2011); *Kurka*, 2007 WL 1723468, at *5.

First, unlike *Coffey*, *Kurka* is not a published decision. Second, although *Kingery* is published, its discussion of *Coffey* — contained in a footnote and not essential to the decision in the case — appears to be dictum.[11] Indeed, a review of the briefs by the parties in *Kingery* shows that Kingery disclaimed any challenge to the denial of his disqualification motion, and that neither party cited to or discussed *Coffey*.[12]

But even if we are bound by the discussion of *Coffey* in these later cases, both cases are distinguishable on their facts: in each case, the appellant had either been aware of, or later received, the opportunity to litigate the judge's disqualification in the trial court before a reviewing judge.[13] Here, Johnson, a *pro se* defendant, was never informed of his right to an independent review under AS 22.20.020(c).[14]

For all these reasons, we conclude that Johnson has not waived his right to challenge the denial of his disqualification motion on the merits. (Johnson does not challenge the absence of an independent review under AS 22.20.020(c).) We therefore proceed to decide Johnson's judicial disqualification claim.[15]

---

[11] *See Scheele v. City of Anchorage*, 385 P.2d 582, 583 (Alaska 1963) (describing obiter dictum as a statement that "was not necessary to the decision in the case").

[12] *See Mallott v. Stand for Salmon*, 431 P.3d 159, 167-68 (Alaska 2018) (noting that, in the absence of an actual dispute between the parties about an issue in a prior case, discussion of that issue was dictum); *see also VECO, Inc. v. Rosebrock*, 970 P.2d 906, 922 (Alaska 1999) ("Dicta is defined as '[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court.'" (alteration in original) (quoting *Dicta*, Black's Law Dictionary 454 (6th ed. 1990))).

[13] *Kingery*, 249 P.3d at 286 n.44; *Kurka*, 2007 WL 1723468, at *6.

[14] *See Kurka*, 2007 WL 1723468, at *6.

[15] The Municipality also argues that Johnson waived his right to challenge the denial of his disqualification motion because he did not file the motion in writing. (Before trial, Judge Chung apparently instructed Johnson to submit his motion in writing and Johnson failed to

(continued...)

*Although the judge was not disqualified from participating in Johnson's three most recent cases, the judge was disqualified in the 2006 cases in which she personally appeared as a lawyer*

Whether a judge is disqualified from presiding over a case is governed by two sources of law — AS 22.20.020 and Canon 3E of the Alaska Code of Judicial Conduct.[16] The statute sets forth a judge's legal duties and is enforceable in the course of the legal proceeding.[17] The Code, in contrast, governs a judge's ethical duties and is enforced in separate judicial disciplinary proceedings.[18]

Two pertinent provisions of the judicial disqualification statute involve the judge's prior work as an attorney. Alaska Statute 22.20.020(a)(6) generally requires a judge to disqualify herself if the judge previously served as an attorney *against* one of the parties to the case. But subsection (a)(6) expressly states that the rule of disqualification does not apply if the judge's service as an attorney was more than two years earlier.[19]

---

[15] (...continued)
do so.) But Johnson was appearing *pro se*, and the judge ultimately ruled on Johnson's challenge, notwithstanding his failure to file a written motion. This issue is therefore preserved for our review. *See Mahan v. State*, 51 P.3d 962, 966 (Alaska App. 2002) ("To preserve an issue for appeal, an appellant must obtain an adverse ruling.").

[16] *Wasserman v. Bartholomew*, 923 P.2d 806, 815-16 (Alaska 1996); *Phillips v. State*, 271 P.3d 457, 465-66 (Alaska App. 2012); *see also Gamechuk v. State*, 2015 WL 4064659, at *3 (Alaska App. July 1, 2015) (unpublished).

[17] *Phillips*, 271 P.3d at 465.

[18] *Id.*

[19] *See Mustafoski v. State*, 867 P.2d 824, 835-36 (Alaska App. 1994) (construing AS 22.20.020(a)(6) as requiring disqualification of a judge who represented the State of Alaska against a party within the previous two years, even in an unrelated matter).

2680

And AS 22.20.020(a)(5) requires a judge to recuse herself if she previously served as a lawyer *for* one of the parties to the case. But subsection (a)(5) expressly declares that this rule of disqualification does not apply to situations where the party represented by the judge was the State or a municipality — and it similarly contains a two-year look-back period.

Johnson acknowledges that no provision of the disqualification statute expressly mandated Judge Chung's recusal in his most recent cases (his 2014 criminal cases and the probation revocation proceeding in his 2012 case). Judge Chung's service as a municipal prosecutor ended in 2011, when she was appointed to the bench, and she was not assigned as a judge to any of Johnson's cases until 2015, four years later.

Instead, Johnson argues that the judge's prior position as the supervising prosecutor in the Municipality of Anchorage's domestic violence unit prior to her appointment to the district court in 2011 created an *appearance* of bias that would cause reasonable people to question whether she could fairly judge his cases.

But the prevailing view among jurisdictions is that a judge is not disqualified from participating in a case based solely on the fact that the judge previously served as a prosecutor for the same agency now appearing before her as counsel in the case.[20] The Alaska Supreme Court endorsed this principle in *Keel v. State*: "[T]he fact

---

[20] Richard E. Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges* § 38.4, at 583 (3d ed. 2017); *see, e.g.*, *People v. Julien*, 47 P.3d 1194, 1197-98 (Colo. 2002) (en banc); *State v. Connelly*, 930 So.2d 951, 954-55 (La. 2006); *State v. Whittey*, 821 A.2d 1086, 1090-91 (N.H. 2003); *see also Laird v. Tatum*, 409 U.S. 824, 830 (1972) (Rehnquist, J., memorandum) (stating that the Justice's own previous employment at the Department of Justice when the case was pending was not, by itself, grounds for discretionary disqualification); *Matson v. Bd. of Educ.*, 631 F.3d 57, 78 (2d Cir. 2011) (Straub, J., dissenting in part, concurring in part) ("A judge's prior governmental service, even with the same entity appearing before the judge as a party, does not automatically require recusal.

(continued...)

that a judge formerly served the public in a prosecutorial function is not, by itself, sufficient cause to disqualify [the judge] from criminal prosecutions initiated by the State subsequent to [the judge's] appointment to the bench."[21]

---

[20]   (...continued)
Rather, prior governmental service disqualifies a judge from presiding over a matter only if the judge directly participated in the matter in some capacity or expressed an opinion concerning the merits of the particular case."); *United States v. Ruzzano*, 247 F.3d 688, 694 (7th Cir. 2001) (noting that "the fact that a judge was an [Assistant United States Attorney] during the prosecution, standing alone, does not require recusal"), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988) ("[A]bsent a *specific* showing that [a] judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge, [the federal disqualification statute] does not mandate recusal." (emphasis in original)); *United States v. Gipson*, 835 F.2d 1323, 1326 (10th Cir. 1988) ("[B]efore the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel.  Mandatory disqualification then is restricted to those cases in which a judge had previously taken a part, albeit small, in the investigation, preparation, or prosecution of a case."); *Payne v. State*, 265 So.2d 185, 191 (Ala. 1972) ("The holding of prosecutorial office as distinguished from working on a concrete piece of litigation is not alone disqualifying for one who later becomes a judge."); *Beckum v. State*, 917 So.2d 808, 816 (Miss. App. 2005) (holding that proof that the judge "once worked as a member of a district attorney's office that prosecuted Beckum [does not alone] overcome the presumption of impartiality").

[21]   *Keel v. State*, 552 P.2d 155, 157 (Alaska 1976); *see also Wasserman v. Bartholomew*, 923 P.2d 806, 815 (Alaska 1996) ("Prior representation by a judge of the state or a municipality is not enumerated among grounds for disqualification in the statute or the canon.").
This rule is consistent with the commentary to Judicial Canon 3E(1)(b), which states: "A lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of [Canon] 3E(1)(b); a judge formerly employed by a government agency, however, should disqualify himself or herself in a proceeding if the judge's impartiality might reasonably be questioned because of [that] association." *See also* Court of Appeals Standing Order No. 14 (adopted Jan. 16, 2018) (construing the phrase "law firm" in AS 22.20.020(a)(8) as excluding governmental agencies
(continued...)

In accordance with this authority, we conclude that Judge Chung's prior service as a municipal prosecutor — which ended four years before her assignment to Johnson's cases — did not require the judge's disqualification from Johnson's two current criminal cases and the probation revocation in Johnson's 2012 case.[22]

We reach a different conclusion with respect to the probation violations in Johnson's 2006 cases. As we recognized in *Mustafoski v. State*, "[v]irtually all states and the federal government . . . require a judge's disqualification if he or she has acted as a lawyer in the *same* lawsuit or controversy."[23] A leading commentator on judicial

---

[21] (...continued)
like the prosecutor's office and the Public Defender Agency).

[22] Johnson also suggests in his briefing that the judge failed to make an adequate record that she could be fair and unbiased in his 2014 cases. *See* AS 22.20.020(a)(9) (requiring disqualification if a judge "feels that, for any reason, a fair and impartial decision cannot be given"); Alaska Code Jud. Conduct Canon 3E(1)(a) (requiring disqualification if "the judge has a personal bias or prejudice concerning a party or a party's lawyer"). We disagree. The judge stated that she could not remember Johnson's cases and believed she could be impartial. To the extent Johnson is challenging the judge's conclusion that she was not personally biased against Johnson and could be fair and impartial in his cases, we find no abuse of discretion. *See Phillips*, 271 P.3d at 464.

[23] *Mustafoski*, 867 P.2d at 832 (emphasis in original) (citations omitted); *see, e.g.*, *Julien*, 47 P.3d at 1198 (holding that "a judge must disqualify himself or herself sua sponte or in response to a disqualification motion, if facts exist tying the judge to personal knowledge of disputed evidentiary facts concerning the proceeding, some supervisory role over the attorneys who are prosecuting the case, or some role in the investigation and prosecution of the case during the judge's former employment" as a prosecutor); *Gude v. State*, 709 S.E.2d 206, 208 (Ga. 2011) ("Under both statutory and ethical standards, a trial judge presiding over a criminal matter must recuse himself or herself if that judge previously served as a lawyer or counsel in the controversy at issue" — *i.e.*, if the judge had any actual involvement in any aspect of the prosecution (citation omitted)); *Calvert v. State*, 498 N.E.2d 105, 107 (Ind. App. 1986) (concluding "that a trial judge must disqualify himself from a proceeding in which he has actively served as an attorney for one of the parties regardless of whether actual bias or
(continued...)

disqualification, Richard E. Flamm, has recognized that this rule applies equally to former prosecutors: "It has generally been agreed . . . that in a situation where the judge formerly performed the role of prosecuting attorney in conjunction with the very matter that subsequently comes before her in her judicial capacity . . . it is improper for her to sit."[24]

This rule is reflected in the Alaska Judicial Code — in particular, Alaska Canon 3E(1)(b). Under this canon, a judge's impartiality may reasonably be questioned — and a judge is required to disqualify herself — when the judge "served as a lawyer in the matter in controversy."

We acknowledge that the judicial disqualification statute itself does not expressly preclude a judge from presiding over a case in which the judge previously served as a lawyer, if that prior service occurred more than two years before the judge's assignment to the case. As we noted earlier, the two provisions that govern a judge's recusal in matters in which the judge previously served as an attorney (both for and against a given party) each contain a two-year look-back period.[25]

---

[23] (...continued)
prejudice exists" and reversing convictions where trial judge previously appeared twice, and filed a motion, on behalf of the State in the same prosecution); *Sharp v. Howard Cty.*, 607 A.2d 545, 551 (Md. 1992) ("When a judge has appeared as counsel in an earlier stage of the same adversarial proceeding, there is no question that the judge has advocated the client's cause, and recusal is automatic because of the danger of an appearance of partiality." (citation omitted)); *In re Estate of Risovi*, 429 N.W.2d 404, 406 (N.D. 1988) ("Generally, prior legal advice to a party disqualifies a judge from acting in the same controversy.").

[24] Flamm, *Judicial Disqualifications: Recusal and Disqualification of Judges* § 40.4, at 611.

[25] *See* AS 22.20.020(a)(5) & (a)(6).

But we may rely on the judicial canons to interpret the disqualification statute.[26] As we noted, Alaska Judicial Canon 3E(1)(b) requires a judge's disqualification if the judge "served as a lawyer in the matter in controversy."

Moreover, in *Keel*, the Alaska Supreme Court suggested that, despite the two-year time limitation codified in AS 22.20.020(a)(5), a judge is nevertheless always disqualified under this subsection of the statute if the judge participated as an attorney *in an earlier stage of the same case*.[27]

In *Keel*, the trial judge was a former assistant district attorney who was appointed to the bench three months before Keel was criminally charged.[28] The question before the court was whether the judge was disqualified from participating in the case by virtue of his former employment as a prosecutor.

As the supreme court explained, in the years before 1967, Alaska's judicial disqualification statute required a judge's disqualification in all instances where the judge, prior to the judge's appointment, served as an attorney for either party "in the action or proceeding in question."[29] However, this predecessor statute did not require a judge's disqualification where the judge had served as a lawyer for one of the parties in an *unrelated* matter.

---

[26] *Wasserman*, 923 P.2d at 815 ("[W]e have relied upon the canon to interpret the [judicial disqualification] statute."); *see also* Minutes and Audio of Senate Finance Comm., House Bill 139, statement of Rep. Max Gruenberg, Jr., legislative sponsor, Tape SFC-87, # 46, Side 2 (May 11, 1987) (stating that the 1987 revisions to AS 22.20.020 were intended to modernize and update Alaska's disqualification statute to bring it "into conform[ity] with the canons of judicial ethics").

[27] *Keel v. State*, 552 P.2d 155, 157 n.5 (Alaska 1976).

[28] *Id.* at 155-56.

[29] *Id.* at 156 n.2 (quoting ACLA § 54-2-1 (1949)).

In 1967, the Alaska legislature re-wrote the judicial disqualification statute, creating what is now AS 22.20.020.[30] Under subsection (a)(5) of the new statute, judges were (for the first time) disqualified from participating in a case if they formerly served as a lawyer for one of the parties, *even in an unrelated matter* — although this disqualification was limited to instances where the judge's service as an attorney occurred within the preceding two years.

As the supreme court explained in *Keel*, and as this Court later recognized in *Mustafoski*, the rationale of this new, broader rule of disqualification was to prohibit judges from participating in cases because they might have residual loyalty to the party they had represented.[31]

The issue raised in *Keel* was whether this presumption of residual loyalty applied even when the judge previously represented a governmental entity — the State or a municipality. The supreme court ruled that the rule of disqualification did not apply in such cases.[32] (In 1987, the legislature amended AS 22.20.020(a)(5) to reflect this holding in *Keel*.[33])

But in a footnote of the *Keel* opinion, the supreme court declared: "A judge, of course, would be disqualified from any case in which he actually participated

---

[30]    SLA 1967, ch. 48, § 1.

[31]    *Keel*, 552 P.2d at 156; *Mustafoski v. State*, 867 P.2d 824, 835 (Alaska App. 1994). The legislature later enacted AS 22.20.020(a)(6), which is based on the related concern that a judge might have residential *antipathy* to a party they previously opposed. SLA 1987, ch. 38, § 10; *Mustafoski*, 867 P.2d at 835-36.

[32]    *Keel*, 552 P.2d at 157 (concluding that, in enacting AS 22.20.020(a)(5), the legislature did not intend "to disqualify a judge because of his prior employment by the state government from all cases in which the State appears as a party during the prohibited period of time").

[33]    *See* SLA 1987, ch. 38, § 10.

as a District Attorney by counseling or otherwise."[34]  In doing so, the supreme court implicitly recognized a significant problem with the wording of subsection (a)(5).  This subsection was meant to *expand* the rule of disqualification codified in the pre-1967 statute — *i.e.*, the rule that a judge should not participate in a case if the judge had previously served as a lawyer in an earlier stage of the same case — to include unrelated matters within a two-year look-back period.  But the language of subsection (a)(5) no longer expressly addressed a judge's prior participation as a lawyer *in the same matter* occurring outside of two years.

The reasonable inference from the supreme court's pronouncement in *Keel* is that the court construed AS 22.20.020(a)(5) as continuing to embody the rule of disqualification that had been codified in the pre-1967 statute:  the rule that a judge is disqualified if the judge previously served as a lawyer in an earlier stage of the same case, no matter how much time has passed and regardless of whether the judge was serving as a prosecutor on behalf of the government.

In *Mustafoski*, we mentioned this aspect of the *Keel* decision, but only in passing because it was not directly relevant to our decision in that case.[35]  However, this aspect of *Keel* aligns with the majority rule and is the same policy that is now codified in Canon 3E(1)(b) of the Alaska Code of Judicial Conduct — the canon that declares that "a judge shall disqualify himself or herself" if "the judge served as a lawyer in the matter in controversy."

In Johnson's case, the record shows that Judge Chung participated as a lawyer in Johnson's 2006 cases when she represented the Municipality in a Rule 45 hearing in lieu of the prosecutor assigned to the cases.  At the time, Judge Chung was the

---

[34]  *Keel*, 559 P.2d at 157 n.5.

[35]  *Mustafoski*, 867 P.2d at 834.

supervisor of the Municipality of Anchorage's domestic violence unit. The record also shows that Johnson specifically brought Judge Chung's prior representation to her attention and sought disqualification on this basis, before later providing the judge with the 2006 files to review.[36] Regardless of whether Judge Chung remembered Johnson from her brief involvement in the 2006 cases, or her ability to render a fair and impartial decision, the judge was required to disqualify herself from presiding over the probation revocation proceedings in the 2006 cases once her direct participation in the motion hearing on behalf of the prosecution became clear.[37]

---

[36] We express no opinion on whether a party would be entitled to relief if the judge, despite reasonable care, was unaware of their prior involvement as an attorney and the issue was not brought to the judge's attention. *See, e.g.*, *Commonwealth v. Carter*, 701 S.W.2d 409, 411 (Ky. 1985) (holding that when a party relies upon a judge's past legal representation in the same matter as a basis for disqualification, "it must appear from the record, either by motion or otherwise, that [the judge] was apprised of his connection with the matter in controversy").

[37] *See People v. Vasquez*, 718 N.E.2d 356, 359 (Ill. App. 1999) (holding, based on a court rule precluding a judge from participating if the judge "served as a lawyer in the matter in controversy," that a judge was disqualified from participating in post-conviction relief matter if he previously appeared on behalf of the State at a status hearing in the underlying criminal case); *People v. Austin*, 451 N.E.2d 593, 596-98 (Ill. App. 1983) (recognizing, based on court rule precluding a judge's participation in any case in which he has "previously acted as counsel," that prior representation of a defendant, "although brief, is sufficient to require a judge's recusal" and reversing a probation revocation where the judge appeared on the defendant's behalf at a preliminary hearing on the underlying charge); *Calvert v. State*, 498 N.E.2d 105, 107 (Ind. App. 1986) (holding that, based on a court rule precluding a judge from participating if the judge "served as a lawyer in the matter in controversy," a judge was disqualified from a proceeding when he was "actively involved in the prosecution by appearing twice on behalf of the state and by filing a motion"); *Ex parte Miller*, 696 S.W.2d 908, 909-10 (Tex. Crim. App. 1985) (holding that, because a probation revocation is a continuation of the underlying criminal case, the judge presiding over probation revocation was disqualified when he represented the State and had an "actual and active participation

(continued...)

(Under AS 22.20.020(b) and under Judicial Canon 3F, this ground of disqualification may be waived by the parties.[38] But in the present case, Johnson expressly sought Judge Chung's disqualification on this ground.)

*Conclusion*

For the reasons explained in this opinion, we conclude that Judge Chung could properly participate in Johnson's two criminal cases from 2014 and in the probation revocation in Johnson's 2012 case. However, we conclude that Judge Chung was disqualified from participating in the probation revocation proceedings in Johnson's two cases from 2006.

We therefore vacate the portion of the district court's judgment which revokes Johnson's probation and imposes a portion of his previously suspended sentence in those two 2006 cases. If the Municipality wishes to pursue this matter, the proceedings must take place before a different judge.

Because we have vacated Johnson's probation revocation and sentence in the two 2006 cases, we do not reach Johnson's claim that his current composite sentence is excessive. That matter will have to wait until Johnson's two 2006 cases are settled.

The trial court shall conduct the resentencing within 90 days of the issuance of this opinion, although the court may seek an extension of this deadline for good cause.

---

[37] (...continued)
in the applicant's conviction"), *overruled on other grounds by Ex parte Richardson*, 201 S.W.3d 712 (Tex. Crim. App. 2006).

[38] *Cf. Mustafoski*, 867 P.2d at 836 n.4 (noting that the parties may waive the judge's disqualification under AS 22.20.020(a)(6) for prior service as a lawyer against a party in an unrelated case within the two-year look-back period).

We retain jurisdiction. Johnson shall notify this Court at the conclusion of any further proceedings whether he wishes to pursue his excessive sentence claim.